In re Gilbert R. CAULK, Debtor.

FIDELITY BOND AND MORTGAGE COMPANY, Plaintiff,

v.

Gilbert R. CAULK, Defendant.

Bankruptcy No. 80–01678K.

Adv. No. 80–0706K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Feb. 20, 1981.

John Swartz and Alan H. Gilbert, Philadelphia, Pa., for plaintiff.

Thomas J. Turner, III, Philadelphia, Pa., for debtor/defendant.

Margaret Graham, Philadelphia, Pa., Standing Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Fidelity Bond and Mortgage Company ("Fidelity") has commenced an adversary proceeding to vacate the automatic stay imposed by Bankruptcy Code § 362 in order to permit it to proceed to Sheriff's sale.

The debtor requests that the stay be continued contending that Fidelity is adequately protected because the mortgage in question is federally insured through the Veterans' Administration ("VA").

After a final hearing, pursuant to Bankruptcy Code § 362(e), the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Plaintiff, Fidelity is mortgagee of a certain mortgage given and executed by the debtor on March 31, 1977, recorded in the Department of Records of the City of Philadelphia on April 7, 1977, in Mortgage Book DCC No. 1110 Page 239, secured on premises 5927 Chester Avenue, Philadelphia, Pennsylvania.

2. Debtor/defendant is Gilbert R. Caulk, 5927 Chester Avenue, Philadelphia, Pennsylvania.

3. The aforesaid mortgage is in default in that the debtor has failed to make payments of monthly installments of principal and interest for the month of November 1979 and each month thereafter.

4. On March 31, 1980, plaintiff filed a Complaint in Mortgage Foreclosure in the Court of Common Pleas of Philadelphia County, March Term 1980 No. 5622.

5. On June 13, 1980, a Judgment by Default was obtained against the debtor by plaintiff.

6. Prior to the scheduled sheriff's sale, the debtor, on July 14, 1980, filed a Chapter 13 petition.

7. On November 17, 1980, the instant Complaint for Relief from Stay was filed.

8. Debtor has offered to make current mortgage payments in the amount of $169.00 per month.

## DISCUSSION

A request for relief from the automatic stay is governed by Bankruptcy Code § 362(d), 11 U.S.C. § 362(d), which states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Fidelity alleges two (2) grounds for relief from the automatic stay: (1) lack of adequate protection of their interest in the property, and, alternatively; (2) that the defendant-debtors do not have an equity in the property and the property is not necessary to an effective reorganization.

Fidelity need establish only one of these alternatives, found in § 362(d)(1), to support its claim for relief. *See In re Ruark*, Bkrtcy., 7 B.R. 46 (D.Conn.1980).

■ Fidelity, as the party requesting relief, has the burden of proof on the issue of the debtor's equity, or lack of equity, in the

subject property. *See* § 362(g)(2). No evidence regarding equity was presented at trial. Accordingly, Fidelity has failed to meet its burden of proof as to lack of equity and relief from the automatic stay under § 362(d)(2) may not be granted. It is to the questions of "adequate protection" and "cause" under § 362(d)(1) that plaintiff and defendant have directed their attention and which this Court now considers.

The term "adequate protection" is not defined in the Code. However, § 361 sets forth three (3) non-exclusive examples of what may constitute "adequate protection" if secured property is to be used by a debtor, i. e., (1) periodic cash payments equivalent to decrease in value, (2)'an additional or replacement lien on other property, or (3) other relief that provides the indubitable equivalent.

The debtor argues that Fidelity is adequately protected because (1) his Chapter 13 plan calls for current mortgage payments to be made to Fidelity; (2) the subject property is currently insured and; (3) the mortgage is federally insured for sixty (60%) percent of its value.

In this case, the debtor, as the party opposing relief from the stay, is required by § 362(g)(1)[1] to support the burden of proof as to adequate protection and all other issues, except the debtor's equity in the property.

In their answer, debtor has alleged a substantial equity in the property. However, after Fidelity failed to sustain its burden of proof regarding lack of equity, but rather made out a prima facie case of "cause" for modifying the stay, the burden of going forward with proof of adequate protection then was upon the debtor. Debtor failed to sustain this burden and presented no evidence as to the alleged equity in the property. Thus, the most common form of adequate protection, i. e., an equity cushion, is not present here.

The concept of adequate protection was first discussed in *In re Murel Holding Corporation*, 75 F.2d 941 (2nd Cir. 1935) where Judge Learned Hand stated:

It is plain that 'adequate protection' must be completely compensatory; . . . a creditor . . . wishes to get his money or at least the property. We see no reason to suppose that the statute was intended to deprive him of that in the interest of junior holders unless by a substitute of the most *indubitable equivalence.*" (Emphasis added.) Id., at p. 942.

Based on this definition, we fail to see how either hazard insurance or an offer to make current payments adequately protects the secured creditor.[2]

Although we have held that a mortgage insured by the U.S. Government or an agency thereof, standing alone, does not adequately protect the creditor, *See In re Heath, supra,* the debtor has raised the additional issues of insurance and periodic payments.

Had the debtor presented evidence as to the alleged equity cushion, and continued making the required mortgage payments, rather than merely offering to do so, or presented some evidence indicating an intention to make up the arrearages, the result today may have been different. In the absence of such additional factors, we conclude that Fidelity is not adequately protected.

In summary, the concept of adequate protection requires a secured creditor to be completely compensated or to receive the "indubitable equivalence." In the case *sub judice,* it was incumbent upon the debtor to insure that the secured creditor re-

---

1. Section 362(g)(1) states as follows:
(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

2. For a further treatment of the adequate protection issue, *See* this court's Opinion in *In re Heath,* Bkrtcy., 9 B.R. 665 (E.D.Pa.1981).

ceived "in value essentially what he bargained for." *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. 339 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6295. Payment of the mortgage at some future undetermined time when the arrearage total rises to the sixty (60%) percent federally insured level does not grant the secured creditor the indubitable equivalence of his bargain. We conclude that the burden was upon debtor to furnish present, current adequate protection of the creditors' security, which he has failed to do.

As stated, the mortgage is in default, the debtor having failed to make mortgage payments since November of 1979. As a court of equity, the bankruptcy court must consider "the impact of the stay on the parties and the 'balance of hurt' in fashioning relief. *In re Epps*, 2 B.R. 737, 6 B.C.D. 379 (Bkrtcy.S.D.N.Y.1980); *In re San Clemente Estates*, 5 B.R. 605, 6 B.C.D. 838 (Bkrtcy.S. D.Cal.1980). The evidence leads this court to conclude the continuance of the stay will hurt the mortgagee much more than vacating of the stay will impair the rights of the debtor. Section 362(g)(2) clearly places the burden of proving otherwise on the debtor and he has failed to do so.

Accordingly, the stay will be modified to permit sheriff's sale.

### CONCLUSIONS OF LAW

1. The plaintiff, Fidelity Bond and Mortgage Company, has sustained its burden of establishing "cause" for the lifting of the stay as required under Code § 362(d)(1), 11 U.S.C. § 362(d)(1).

2. The debtor has not sustained his burden of proving that he has furnished Fidelity with adequate protection of its interest in the mortgaged property.

3. Fidelity is entitled to an order modifying the automatic stay and to the relief requested in the Complaint.