In re Robert S. LEE, Debtor.

TREVOSE FEDERAL SAVINGS & LOAN ASSN., Plaintiff,

v.

Robert S. LEE and Margaret Graham, Trustee, Defendants.

Bankruptcy No. 80–01875K.
Adv. No. 81–0114K.

United States Bankruptcy Court,
E. D. Pennsylvania.

May 19, 1981.

Alan H. Gilbert, Philadelphia, Pa., for plaintiff.

Margaret Graham, Philadelphia, Pa., Standing Trustee.

Carole L. McHugh, Philadelphia, Pa., for debtor.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the Court is a complaint filed by Trevose Federal Savings & Loan Association ("Trevose") for relief from the stay. Because plaintiff has failed to sustain its burden of proving "cause" pursuant to § 362(d)(1) of the Bankruptcy Code, the automatic stay will remain in effect.[1]

Section 362(d)(1) permits a court to terminate, annul, modify or condition the automatic stay "for cause, including the lack of adequate protection of an interest in property." Trevose attempted to show cause by placing into evidence the complaint and relevant admissions. It is established that Trevose is the holder of a mortgage on property of the debtor located at 7123 Woolston Avenue, Philadelphia, Pennsylvania, and that debtor has not made all required payments to the mortgagee or the trustee. Cross examination of debtor revealed that the last mortgage payment "might have been" made in October 1979.

---

1. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

Plaintiff was either unwilling or unable to produce witnesses to elicit testimony regarding the value of the mortgage, the current arrearage or the value of the property. We conclude that the debtor's admissions that he has failed to make all monthly payments to the mortgagee and the trustee cannot, standing alone, constitute "cause" to warrant the lifting of the stay. The failure of Trevose to present even a scintilla of evidence mandates the continuance of the stay.

■ Even if we were to assume that Trevose has presented a prima facie showing of "cause", we conclude that debtor has met his burden of proving that the interest of Trevose is adequately protected. *See* § 362(g). The debtor testified that, in his opinion the value of the subject property was $18,000 and that the debt owing to Trevose was $10,600. Based on this uncontradicted testimony, debtor has an equity in the property of approximately $7,400.

■ "Adequate protection" is not defined in the Bankruptcy Code. The legislative history of section 361 clearly reflects the intent of Congress to give the courts the flexibility to fashion the relief in light of the facts of each case and general equitable principles. *In re 5-Leaf Clover Corp.*, 6 B.R. 463 (Bkrtcy.S.D.W.Va.1980) *See* H.R. Rep.No.95-595, 95th Cong., 1st Sess. 339 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

Case law under the Bankruptcy Code has held that adequate protection can be provided by an equity cushion. *See In re 5-Leaf Clover Corp., supra; In re Rogers Development Corp.*, 2 B.R. 679, 5 B.C.D. 1392 (Bkrtcy.E.D.Va.1980). However, at least one (1) court has recognized that an existing equity cushion can be dissipated and that "[a]dequate protection ... requires, at a minimum, a periodic and careful surveillance of the facts and circumstances calculated to avoid dissipation of whatever protection the cushion affords." *In re Pitts*, 2 B.R. 476 (Bkrtcy.C.D.Cal.1979). Thus, at some future point, the diminishing equity cushion will no longer provide adequate protection for the secured creditor.

No evidence has been presented as to whether the equity cushion is, in fact, diminishing or increasing in this time of spiraling inflation. Based on the present record, it appears that the present equity cushion is sufficient to adequately protect the interest of Trevose.

Debtor will, however, be directed to begin making payments to the mortgagee and trustee. Although a debtor may have equity in the collateral, where regular payments are not being made, that equity decreases over a period of time as the accrued interest increases the balance due on the debt and accumulating depreciation, where present, decreases the value of the property. *See In re 5-Leaf Clover Corp.*, 6 B.R. at 467.

Accordingly, we conclude that insufficient "cause" has been shown to justify the lifting of the stay and that debtor has an equity in the property. Debtor will be ordered to immediately begin making payments to Trevose so that the equity ratio will be maintained at the appropriate level. Debtor will no longer be permitted to live in the subject premises mortgage free as he has for approximately one and one-half (1½) years. If the debtor is unable to make the ordered payments within fifteen (15) days, the automatic stay will, upon certification of counsel for the mortgagee, be lifted to permit mortgage foreclosure.