**In the Matter of Janice QUINLAN, Debtor.**

**Bankruptcy No. MM13–80–01263.**

United States Bankruptcy Court, W. D. Wisconsin.

July 13, 1981.

Terry R. Gray, Milwaukee, Wis., for Banco Mortgage Company.

John W. Gibson, Madison, Wis., for debtor.

ROBERT D. MARTIN, Bankruptcy Judge.

Janice Quinlan filed a chapter 13 petition on August 26, 1980. Her 100 percent payment plan was confirmed on October 6, 1980. The plan's terms include payments to Banco Mortgage Company, the holder of a first mortgage on the debtor's home. The payments were to be paid directly to Banco rather than through the chapter 13 trustee. The debtor unreasonably failed to make payments due to Banco after the confirmation of her chapter 13 plan. Banco claims that failure to timely pay regular monthly payments is a default in a material term of the confirmed chapter 13 plan and is, therefore, "cause" for relief from stay.

Relief from stay may be granted after a notice and hearing "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The rule of construction for the phrase "including" is set forth in 11 U.S.C. § 102(3) which states, " 'includes' and 'including' are not limiting." Therefore, "cause" for lifting the stay consists of more factors than those explicitly listed in the Code. In a chapter 11 case, "cause" for lifting the stay was found where the debtor had substantial rental arrearages and no means to cure them. *In Re Aries Enterprises*, 3 B.R. 472, 1 C.B.C.2d 1069 (Bkrtcy. D.D.C.1980).

The debtor's obligation to make direct payments to Banco is a term of her

confirmed chapter 13 plan. Debtor's unexcused failure to make those payments constitutes a material default of a term of her plan. The reasons given for non-payment do not compel the invoking of the court's power to afford special equitable relief.

■ A material default by the debtor with respect to a term of a confirmed plan is a listed and specified ground on which to convert or dismiss the chapter 13 case under 11 U.S.C. § 1307(c)(5). Conversion and dismissal are far more severe consequences for the default than the remedy sought by Banco. The effect of dismissal would be the lifting of any stay. The effect of conversion would be the administration of the debtor's property by a trustee for the benefit of creditors. Only if the debtor's equity in the property exceeded available exemptions would the trustee resist efforts to have the stay lifted. However, the stay reaches farther than the mere protection of property of the estate. Even after property has left the estate by abandonment and revested in the debtor, the stay provided by 11 U.S.C. § 362(a)(5) and (6) protects the property of the chapter 7 debtor. *In Re Cruseturner*, 8 B.R. 581, 589, 3 C.B.C.2d 770, 779, 7 B.C.D. 235, Bankr.L.Rep. (CCH) ¶ 67,817 (Bkrtcy. Utah 1981).

■ Protection of the debtor's interest by the stay must under any plan correspond in an acceptable way with the stayed creditor's right to be adequately protected and dealt with equitably. Where there is no contention that there is an absence of adequate protection, the debtor is still not entitled to withhold payments provided under the plan with impunity. If departure from the terms of the plan is excused or excusable and the creditor is not left less than adequately protected, the departure would not be "cause" for relief from the stay. However, when, as in this case there is no adequate justification for failing to pay according to the plan, it is not fair to leave the creditor affected with no remedy short of seeking dismissal of the plan. A material default by the debtor as to a term of a confirmed plan may in some cases constitute "cause" for the lifting of the stay pursuant to 11 U.S.C. § 362(d)(1). This is such a case.

For the reasons stated,

IT IS ORDERED that the stay be lifted as to Banco Mortgage Company.