In re Charles COOPER, Debtor.

Joseph PAGANO, Plaintiff,

v.

Charles COOPER and Margaret Graham, Esq., Trustee and James J. O'Connell, Esq., Trustee, Defendants.

Bankruptcy No. 80-02944G.

Adv. No. 81-1868G.

United States Bankruptcy Court, E. D. Pennsylvania.

Aug. 30, 1982.

Lewis Kates, Philadelphia, Pa., for the plaintiff Joseph Pagano.

Janet M. Sonnenfeld, Stuart D. Lit, Philadelphia, Pa., for debtor/defendant Charles Cooper.

James J. O'Connell, Philadelphia, Pa., standing trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether the mortgagee is entitled to relief from the automatic stay provisions of section 362(a) of the Bankruptcy Code ("the Code") to permit him to institute foreclosure proceedings against the debtor's real property. We conclude that the mortgagee is not entitled to such relief because we find that the debtor has equity in the property in question and because the mortgagee's interest is adequately protected by the existing equity cushion and by the debtor's proffered post-petition payments to the mortgagee.

The facts of the instant case are as follows:[1] The dealings between Charles Cooper ("the debtor") and Joseph Pagano ("the mortgagee") span nearly two decades. Beginning on September 13, 1966, the debtor commenced payment, pursuant to a lease-purchase agreement with the mortgagee, on premises located at 5439 Baltimore Avenue, Philadelphia, Pennsylvania ("the premises"). The total monthly payment under said agreement was $130.00, $35.00 of which was to be credited toward the purchase price of $12,000.00.

The debtor failed to make all the payments due under the agreement. Instead, on May 18, 1967, he signed an "extension agreement" with the mortgagee extending the date of the settlement for the purchase of the aforesaid premises until September 20, 1967. The extension agreement provided that the payments due from May 18, 1967, forward would be in full for rent due with no credit to be given toward the purchase price. Apparently, settlement did not occur on September 20, 1967.

In 1968, the debtor says that he and the mortgagee entered into an "agreement of sale"[2] to purchase the premises. On July 16, 1968, pursuant to the aforesaid agreement of sale, the debtor obtained a mortgage for the premises from the mortgagee in the amount of $10,842.43. It is undisputed that, prior to the institution of the bankruptcy proceedings, the debtor made payments, pursuant to the 1968 agreement of sale, through August of 1980, totalling at least $5,366.62 (N.T. 5). On November 12, 1980, the debtor filed a petition under chapter 13 of the Code. On December 11, 1981, the mortgagee filed the instant complaint seeking relief from the automatic stay provisions of section 362(a). In his complaint, the mortgagee alleges that $14,735.68 is currently due and owing under the terms of the July 16, 1968, mortgage. The mortgagee further contends that he will be "prejudiced and injured" unless relief from automatic stay is granted. Nevertheless, we conclude that the mortgagee's interest is presently protected and, therefore, the request for relief from the automatic stay must be denied.

Section 362(d) of the Code provides when relief from the stay shall be granted:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

■ At the trial of the instant complaint, the debtor testified that he considered the premises to be worth $25,000.00 or $26,000.00 (N.T. 25, 26). This testimony was uncontroverted by the mortgagee. Since the only evidence offered to us regarding the value of the premises in question was the debtor's aforesaid testimony, we accept that appraisal of the value of the premises. *See In re Lee*, 11 B.R. 84, 85 (Bkrtcy.E.D.Pa.1981). Therefore, based on this uncontradicted testimony, the debtor has, even if we assume that the outstanding mortgage debt is, as the mortgagee contends, $14,735.68, a minimum equity in the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. There is a dispute between the parties as to what document controls the 1968 sale of the premises in question. The debtor testified that an "agreement of sale" (of which only a "piece" remains (N.T. 18) controlled the terms of the sale. The mortgagee, on the other hand, claims that the "settlement sheet" embodies the terms of the sale. In any event, we find it unnecessary to determine what document governed the 1968 sale of the premises in question because we conclude that the debtor has equity in the premises in question—even if we accept as being accurate, the mortgagee's allegation that the outstanding mortgage debt is $14,735.68.

property of $11,264.32. The provisions of § 362(g) of the Code are crystal clear that

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property.

Consequently, since the mortgagee has failed to produce a scintilla of evidence concerning the value of the premises in question, we must conclude that the mortgagee has failed to carry his burden of proving that the debtor does not have equity in the aforementioned property.

With respect to section 362(d)(1), we conclude that the mortgagee is likewise not entitled to relief thereunder because there is sufficient evidence to show that the mortgagee's interest is adequately protected.[3] First, the debtor, as heretofore demonstrated, has established the existence of an equity cushion. The most common form of adequate protection is an equity cushion. *In re Caulk*, 9 B.R. 242, 244 (Bkrtcy.E.D.Pa. 1981). Secondly, the fact that the debtor testified that he tendered approximately thirteen (13) post-petition payments to the mortgagee (N.T. 34), all or most of which were rejected by the mortgagee, demonstrates that the mortgagee's interest is adequately protected, especially when considered in conjunction with the existing equity cushion. We accept as credible the debtor's testimony that he tendered the aforesaid payments, especially in light of the statement by counsel for the mortgagee that all post-petition payments were rejected and returned to the debtor (N.T. 35). In addition, we believe that these proffered post-petition payments demonstrate the debtor's ability and, more importantly, his willingness to meet his mortgage obligation.

Although there is, in the instant case, considerable disagreement and uncertainty as to the exact amount of the mortgage

arrearages, we find it unnecessary to rely on that factor in determining whether or not the mortgagee is entitled to relief from the automatic stay. Rather, based on the existing equity cushion and the debtor's proffered post-petition payments, we conclude that the mortgagee's interest is adequately protected. The present record indicates that no cause exists to justify the modification of the stay and, consequently, we will deny the mortgagee's request for relief from the provisions of section 362(a).

---

3. While "adequate protection" is not defined in the Bankruptcy Code, the legislative history of § 361 reflects the intent of Congress to give the courts the flexibility to fashion the relief in light of the facts of each case and general equitable principles. *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. 339 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787.