In re Carolyn Najiyyah SHAHID aka: Carolyn Moore, Debtor.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,**

v.

**Carolyn L. MOORE, Defendant.**

**Bankruptcy No. 2–81–02573.**
**Adv. No. 2–82–0614.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Oct. 26, 1982.

J. Allen Gingery, Columbus, Ohio, for plaintiff.

Mitchel D. Cohen, Columbus, Ohio, for debtor/defendant.

**674**

Frank Pees, Worthington, Ohio, trustee.

Richard F. Schmidt, Columbus, Ohio, for trustee.

## ORDER ON COMPLAINT FOR RELIEF FROM STAY

THOMAS M. HERBERT, Bankruptcy Judge.

This cause came on to be heard upon the Complaint For Relief From Stay filed by the Federal National Mortgage Association, current holder of note secured by a first mortgage upon defendant's residence. Answers were filed by the Chapter 13 trustee and by defendant Carolyn L. Moore, and the matter came on for hearing on October 4, 1982.

Defendant-debtor's Chapter 13 plan was confirmed on August 19, 1981. The plan provided in part for curing pre-petition arrearage owed to plaintiff through payments to the trustee. Current mortgage payments were to be paid by defendant directly to plaintiff.

Testimony at the hearing established that this mortgage has been in default since March 31, 1981. Despite the agreement entered into in support of the confirmed Chapter 13 plan, no payment to plaintiff outside the plan has ever been made.

Debtor testified that her default occurred because she was only working part-time until June of 1982. She testified that she had unexpected repairs to her residence in the amount of $400.00, and that she had fallen behind in her utility bills. Debtor testified further that she wanted to increase her plan payments from $81.00 to $186.00 per month, and that she could now do that because she is receiving regular child support payments in the amount of $125.00 every other week. Debtor testified also that her present take-home pay, after deduction for her payment to the Chapter 13 trustee, is approximately $190.00 per week.

The testimony was unclear as to the exact amount of the post-petition arrearage in this case, but no payments have been made thereon since the filing of the Chapter 13 petition. Debtor has not proposed making any lump sum payments to bring this arrearage up to date, but presented to the Court at the hearing a Motion to Allow Post-Petition Claim, an Amendment To Statement and/or Schedules, and a Proof Of Claim filed in the name of the creditor in this proceeding. The motion to allow a post-petition claim proposes to pay a total pre and post-petition mortgage arrearage of $3,786.95, and the amendment proposes to increase the monthly payments to $186.00 for a duration of fifty-four (54) months, with a 100% dividend to unsecured claimants.

Plaintiff objected to the motion to allow the post-petition claim by the debtor, and to the filing of the Proof Of Claim by the debtor.

■ Debtor's Motion To Allow Post-Petition Claim cites 11 U.S.C. § 1305 as authority. The Proof Of Claim, filed by debtor in plaintiff's name, cites Rule 13–303 of the Rules of Bankruptcy Procedure. Section 1305(a) states that "a proof of claim may be filed by any entity that holds a claim against the debtor ..." It is clear, therefore, that the allowance of a claim for a post-petition obligation such as the one at bar, upon request of the debtor as opposed to the "entity" holding the claim against the debtor, is unauthorized. Rule 13–303, under the facts at bar, is inconsistent with § 1305 and is not, therefore, applicable to resolve this issue. Section 405(d) of the Bankruptcy Reform Act of 1978, Pub.L. 95–598.

It is the Court's conclusion that in the face of the objection made by the creditor herein, the Motion To Allow Post-Petition Claim must be overruled, and the Proof Of Claim filed by debtor in behalf of the creditor on October 4, 1982 must be stricken.

■ From the testimony adduced at the hearing in this cause, the Court has no doubt of debtor's sincere wish to cure this formidable arrearage. Nevertheless, in view of the size of the arrearage which debtor has permitted to accumulate, and in view of the fact that debtor has made no

payment whatsoever directly to plaintiff since the filing of the Chapter 13 petition, cause exists for granting relief from the automatic stay. Therefore, pursuant to 11 U.S.C. § 362(d)(1), plaintiff is granted the relief prayed for in the Complaint.

IT IS SO ORDERED.