**In re Raleigh L. DAVENPORT, Debtor.**

**Bankruptcy No. 84 B 10608 (EJR).**

United States Bankruptcy Court,
S.D. New York.

Oct. 9, 1984.

John L. Edmonds, New York City, for debtor.

Peter J. Vallone, S.M. & D.E. Meeker, Rockville Centre, N.Y., for The Williamsburg Savings Bank.

## DECISION AND ORDER ON MOTION TO LIFT THE AUTOMATIC STAY

EDWARD J. RYAN, Bankruptcy Judge.

Raleigh Davenport filed a petition for relief under Chapter 11 of the Bankruptcy Code (the Code) on August 21, 1981. This Chapter 11 petition was dismissed in November, 1982.

Thereafter on May 23, 1983, Mr. Davenport filed a petition for relief under Chapter 13 of the Code, but as with his prior filing, the Chapter 13 petition was dismissed. This dismissal occurred on January 27, 1984.

In spite of the two prior dismissals, Mr. Davenport persevered and filed a petition for relief under Chapter 7 of the Code on April 23, 1984. The Chapter 7 petition has not yet been dismissed.

By notice of motion and application dated June 1, 1984, The Williamsburg Savings Bank (Williamsburg) seeks to lift the auto-

---

matic stay so as to enforce a State Court judgment of foreclosure.

Williamsburg is the holder of a mortgage on a secured loan of approximately $40,000 given to Davenport in December, 1981. The loan was advanced to Davenport to allow him to purchase a condominium unit located in Portchester, New York. No payments have been made and the total arrears to date exceeds $13,263.86. Additionally, Williamsburg has paid $6,635.67 in tax arrears on account of Davenport.

On June 17, 1983, the New York State Supreme Court, County of Westchester, entered a judgment of foreclosure in Williamsburg's favor in the amount of $39,-717.38 plus interest. The state court appointed a referee to proceed with the foreclosure sale. However, after the referee received notice of Davenport's Chapter 13 bankruptcy filing, the sale was postponed pending resolution of the matter in bankruptcy court. Although the Chapter 13 petition was dismissed, the referee has been precluded from conducting the foreclosure sale because of Davenport's recent Chapter 7 filing.

Davenport asserts that the Williamsburg's motion to lift the stay should be denied because the value of the condominium is $80,000, and thereby adequately protects the Bank's secured claim of $40,000.

The debtor's argument that the stay should not be lifted is without merit.

Under section 362(d), on request of a party in interest the court "... shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay for cause, including the lack of adequate protection of an interest in property of such party in interest."

The burden of establishing that a secured creditor's interest in property is adequately protected is on the debtor. 11 U.S.C. § 362(g).

Davenport fails to meet his burden in establishing that Williamsburg's interest in the condominium unit is adequately protected. The mere assertion that the value of the condominium unit is $80,000, is not sufficient proof that the value of the property exceeds the value of the lien.

Davenport has not offered to cure any past defaults and has in fact not paid one penny toward the loan. Further, the Bank has had to pay Davenport's real estate taxes.

In balancing the equities of this case, it is difficult to see how the debtor, who has had possession of the condominium unit rent free for the past three years, can legitimately assert the protection of the automatic stay.

Accordingly, Williamsburg's motion is granted.

It is so ordered.