**In re Ronald Joseph PANKAU, Debtor.**

**No. 85 C 3609.**

United States District Court,
N.D. Illinois, E.D.

Oct. 31, 1985.

Robert Benjamin, Robert Benjamin & Assoc., Ltd., Chicago, Ill., for appellant.

Gregory K. Stern, Chicago, Ill., for appellee.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Ronald Joseph Pankau appeals from the bankruptcy court's order lifting the automatic stay that was imposed by statute upon Pankau's filing for chapter 13 relief. *See* 11 U.S.C. § 362. Bankruptcy Judge James lifted the stay after a hearing on March 6, 1985, at which the First State Bank of Harvard (the "Bank") presented evidence of Pankau's arrearage on his chapter 13 payment plan. By lifting the stay, the court enabled the Bank to attempt to enforce a lien on Pankau's property. Pankau contends that the bankruptcy court's action was clearly erroneous because none of the statutory grounds for lifting the stay were present.

The facts, as best we can understand them, are as follows. The Bank made a $37,000 unsecured loan to Pankau in 1974 in exchange for a note containing a confession of judgment clause. The briefs do not make clear whether Pankau fell behind in payments in 1981 or otherwise what caused this, but on March 9, 1981, the Bank recorded a memorandum of judgment against all real property in Cook County owned by Pankau. The Bank believes it thereby holds a lien on any such property. Pankau has filed a separate action to contest the validity of that judgment.

On August 5, 1982, Pankau filed a petition for chapter 13 relief, and the Bank filed a claim as a creditor. A chapter 13 monthly payment plan was established, providing payments to the plan trustee and in turn to the Bank and other creditors.

On May 29, 1984, the bankruptcy court ordered that no further monies be paid to the Bank until further order of the court. We can find no explanation for this order in the briefs or the file of the bankruptcy court proceedings.

Pankau fell behind on plan payments. On February 5, 1985, the Bank filed a motion with the bankruptcy court to lift the automatic stay to enable the Bank to enforce its lien. At the evidentiary hearing on this motion, the Bank produced the testimony of its senior vice president and a clerk of the chapter 13 trustee. The trustee's clerk testified that Pankau was behind in his plan payments by somewhere from $2,000 to $3,200, *compare* Report of Proceedings ("R.P.") at 16 *with id.* at 22. On

cross-examination, the clerk admitted that receipts he was shown reflected recent payments made by Pankau to the trustee not included in the clerk's records.

Pankau testified that his recent payments made him current on his plan payments. He also said that his property is worth more than the amount he still owes.

Judge James ruled that the Bank was entitled to have the stay lifted so as to be able to assert its lien, if enforceable, because Pankau had fallen behind in his payments. The judge stated:

To me, it causes a very easy concept; if you don't get your payments you are entitled to have your stay lifted.

R.P. at 30. As to Pankau's recent payments, the judge said:

The fact that the Debtor found that he could make payments on March 6, the date of the hearing to try to cure the default is not an influence of [sic] this Court. I don't think that any creditor has to push a Debtor to finally complete his plan, a Debtor should do what is required under the Court's order for payments....

I feel that Mr. Pankau has shown that he's the type of person that is not entitled to the full relief that is suggested by a Chapter 13 proceeding.

R.P. at 30, 32.

On appeal to this court, both sides agree that the only grounds for lifting the stay applicable to this case are found in 11 U.S.C. § 362(d)(1), which provides,

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ..., such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

The question presented in this appeal is whether the bankruptcy judge's finding of "cause" is clearly erroneous.

The parties have raised different methods of measuring "lack of adequate protection," the type of cause specified in the statute. In all likelihood, under any measure, Pankau would prevail on this question, because the only evidence of the adequacy of the lien as protection for the Bank is Pankau's statement that his property is worth more than the amount he owes on his payment plan. No evidence was introduced as to the value of the Bank's lien.

Judge James' ruling, as quoted above, was not, however, based on the adequacy of the Bank's protection but rather on Pankau's failure to meet the payment schedule. Espousing this rationale the Bank contends that arrearage can constitute "cause" within the meaning of § 362(d)(1), and cites as support *In re Quinlan*, 12 B.R. 516 (Bankr.W.D.Wis.1981). In *Quinlan*, a debtor failed to make payments to a mortgage company as required by the chapter 13 payment plan. The bankruptcy court found that this default was unjustified, and as such was "cause" for lifting the stay, regardless of the adequacy of the creditor's protection. *Id.* at 517. The court reasoned that a stay is *a fortiori* appropriate relief since, under the bankruptcy code, a material default in a payment plan is grounds for invoking the harsher measure of converting or dismissing the plan. "[W]hen, as in this case there is no adequate justification for failing to pay according to the plan, it is not fair to leave the creditor affected with no remedy short of seeking dismissal of the plan." *Id.*

*Quinlan* is nearly on point but the distinguishing and troublesome fact in this case is the bankruptcy court's order of May 29, 1984, barring payments to the Bank. No logical interpretation of § 362(d)(1) would give the Bank cause to obtain relief from Pankau's arrearage if the Bank could not have received any portion of the plan payments had they been timely made. We are perplexed as to why the order was not mentioned by the judge or either party at the hearing. On the limited record before us we cannot discern whether Pankau raised the issue, for example, in a brief, or whether the judge was otherwise aware of the order at the time of the hearing. Because it appears that the bankruptcy judge

did not consider this seemingly critical fact about the Bank's posture in this case, we remand the matter for reconsideration.