**In re Edward L. DAVIS and Alder Davis, Debtors.**

**Bankruptcy No. 83 B 20591.**

United States Bankruptcy Court,
S.D. New York.

Aug. 27, 1986.

Schutzman, Schutzman & Steinberg, Wantagh, N.Y., for secured creditor; Charles M. Schutzman, of counsel.

Jeffrey L. Sapir, Hartsdale, N.Y., for debtors; Jody L. Kava, of counsel.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Manhattan Life Insurance Company which holds a mortgage on the debtors' home, has moved pursuant to 11 U.S.C. § 362(d)(1) for an order vacating the automatic stay for cause, or in the alternative, dismissing the petition in accordance with 11 U.S.C. § 1307(c) because the debtors

have defaulted with respect to the terms of their confirmed Chapter 13 plan.

## FACTS

1. The debtors, Edward Davis and Alder Davis, are husband and wife who filed a joint petition for relief under Chapter 13 of the Bankruptcy Code.

2. On July 18, 1984, this court entered an order confirming the debtors' Chapter 13 plan.

3. The Manhattan Life Insurance Company ("Manhattan") holds a filed secured claim as a mortgagee of the premises owned by the debtors at 53 Cliff Avenue, Yonkers, New York. The claim alleged a principal mortgage balance of $26,849.02 and arrears of $3828.06 as of June 1, 1983. No objections were made or filed as to this claim.

4. Under the terms of the confirmed plan the debtors were to make post-petition mortgage payments to Manhattan, commencing with the first installment due January of 1984. Mortgage payments were not provided for under the plan.

5. Mrs. Davis testified that she paid the November, 1985 and December, 1985 mortgage obligations by a check dated January of 1986 in the sum of $1070. She also said that she delivered a second check for $1070 to Manhattan in April of 1986 for the post-confirmation mortgage obligations due in March and April of 1986.

6. Mrs. Davis admitted that she was in arrears with respect to post-confirmation mortgage obligations covering approximately five or six months, totalling about $3000. Manhattan claims arrears of $3828.06.

7. The debtors have made an application to a mortgage company for a second mortgage on another property that they own at 362 Riverdale Avenue in Yonkers, New York and testified that they would use the proceeds from this second mortgage on the other property to pay the arrears due Manhattan, as well as other debts.

8. The debtors' evidence revealed that their financial position is somewhat improved because Mr. Davis has obtained a job and their children are now working and contributing to the household expenses.

## DISCUSSION

█ Pursuant to 11 U.S.C. § 1327, the provisions of the debtors' confirmed Chapter 13 plan bound the debtors and their creditors, whether or not the claim of a specific creditor was provided for by the plan. However, the debtors are not entitled to a discharge under 11 U.S.C. § 1328 until after they complete all payments under their plan. The debtors may claim the benefit of the automatic stay imposed under 11 U.S.C. § 362(a) until the earliest of the time (a) the case is closed, or (b) the case is dismissed or (c) a discharge is granted or denied, as expressed in 11 U.S.C. § 362(c)(2). Therefore, the mortgagee, Manhattan, was not relieved from the consequences of the automatic stay after the debtors' plan was confirmed and must seek relief from the stay based upon the debtors' post-confirmation defaults.

█ The debtor argues that Manhattan did not present evidence as to the amount of the mortgage nor does Manhattan assert that it is inadequately protected or that the debtors' lack equity in the property in question. These points would be significant in connection with a prepetition default. However, the debtors' failure to make post-confirmation payments would constitute a material default by the debtors with respect to the terms of the confirmed plan within the meaning of 11 U.S.C. § 1307(c)(6) and is a specific ground for converting or dismissing a Chapter 13 case. Manifestly, the debtors' failure to make post-confirmation payments will also constitute cause for lifting the stay. *E.g., Ellis v. Parr (In re Ellis),* 60 B.R. 432 (Bankr. 9th Cir.1985); *In re Clark,* 38 B.R. 683 (Bankr.E.D.Pa.1984); *Federal National Mortgage Association v. Moore (In re Shahid),* 27 B.R. 673 (Bankr.S.D.Ohio 1982); *In re Quinlan,* 12 B.R. 516 (Bankr.W.D.Wis. 1981). The issues of adequate protection

and equity in the property are irrelevant in the face of post-confirmation payment defaults because creditors are entitled to rely upon the debtors' responsibilities to make their post-confirmation payments. The debtors are not required to remain in Chapter 13 if they cannot satisfy the obligations which they proposed as feasible and which they voluntarily assumed.

If the debtors are unable to cure their post-confirmation defaults within ten days from the date of the order to be entered in this matter, the stay shall be lifted automatically and Manhattan may proceed to foreclose upon its mortgage.

SETTLE ORDER on notice.