In re Elizabeth Gogins RADNEY,
a/k/a Lizzie Radney, Debtor.

E.F. HUTTON MORTGAGE
CORPORATION, Movant,

v.

Elizabeth Gogins RADNEY, a/k/a Lizzie
Radney, Debtor and Camille Hope,
Chapter 13 Trustee, Respondents.

Bankruptcy No. 85–40513–COL.

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

Jan. 5, 1987.

Janet L. Womack, Atlanta, Ga., for movant.

James A. Elkins, Jr., Columbus, Ga., for Elizabeth Gogins Radney.

Camille Hope, Macon, Ga., trustee.

## OPINION AND ORDER

JOHN T. LANEY, III, Bankruptcy Judge.

Debtor filed a Chapter 13 petition on September 19, 1985. A Plan was con-firmed on December 16, 1985. That Plan provided that arrearage on the security deed on Debtor's home was to be cured under the Plan. Future payments were to be made outside the Plan.

Debtor admits that she has made no payments on the security deed within the last year. She says this is because she applied for some credit life insurance and was waiting for the company which serviced the loan to send her a new payment book with payment coupons that included the insurance premiums. Nevertheless she says that she is only able to make one payment on the security deed at this time. She has also made no payments under the Plan to the Trustee within the last five months and the Trustee indicated that she was preparing a motion to dismiss the case for failure to make the payments. Payments to the security deed holder as provided in the security deed were $483.13 per month and therefore there was a large arrearage as of the time of the hearing. Debtor claims to have a considerable amount of equity in the property, but she entered into a contract with a contractor for repairs to the property which were not completed or were not properly performed. The roof leaked and she was required to move some of her furniture to an apartment in Columbus. If the Debtor continues to reside in the property, she is doing so only part-time.

The Debtor testified that she could begin making her payments to Movant at this time and could pay the Trustee $200.00 a month rather than the $160.00 a month provided for in the Plan apparently in an effort to cure the arrearage of her payments under the Plan. Debtor's principal source of income is Social Security for herself and two relatives who live with her. She does not have the financial ability to cure the post-petition default and in fact, did not offer to do so. She wants the Court to allow her to begin now making her monthly payment and to forbid the security deed holder to foreclose its interest in her house and acreage for as long as her Chapter 13 case is pending.

The Court finds that in this case there has been a significant unexcused post-petition default by the Debtor. Although Debtor has substantial equity in the property which is her residence, the property is deteriorating and any equity is likely being reduced as the property deteriorates. Debtor has no ability to cure the post-petition default.

Under these circumstances, the Movant has shown "cause" for lifting of the stay under Section 362(d)(1) of the Bankruptcy Code (11 U.S.C. Section 362(d)(1)). The Ninth Circuit Bankruptcy Appellate Panel held in *In re Ellis* that "[F]ailure to make post-confirmation payments can constitute cause for lifting the stay." 60 B.R. 432, 435 (9th Cir. B.A.P. 1985.) The case goes on to point out that lack of adequate protection is only one example of "cause" for relief from the stay. *Id.* The Bankruptcy Court for the Southern District of New York also held that the Chapter 13 debtors' failure to make post-confirmation payments warranted lifting the automatic stay. "The issues of adequate protection and equity in the property are irrelevant in the face of post-confirmation payment defaults because creditors are entitled to rely upon the debtors' responsibilities to make their post-confirmation payments. The debtors are not required to remain in Chapter 13 if they cannot satisfy the obligations which they proposed as feasible and which they voluntarily assumed." *In re Davis,* 64 B.R. 358, 359–60 (Bkcy.S.D.N.Y.1986). Also in accord with this decision are: *In re Marter,* 61 B.R. 271 (Bkcy.E.D.Pa.1986); *In re Shahid,* 27 B.R. 673 (Bkcy.S.D.Ohio 1982); and *In re Quinlan,* 12 B.R. 516 (Bkcy.W.D.Wis.1981).

The Debtor's brief cites several cases in which the debtor's equity cushion was found to be adequate protection for the creditor. As a Northern District of Georgia Bankruptcy case stated, "It has been recognized that an equity cushion created by an excess of security over debt *may* provide adequate protection to a creditor." *In re Shockley Forest Industries, Inc.,* 5 B.R. 160, 163 (Bkcy.N.D.Ga.1980) (emphasis added). The cases Debtor cites are each in some way distinguishable from the present case. In each, the court could find that the creditor was being adequately protected. In these cases, the debtor was willing to provide substantial additional collateral [1]; the property was necessary in the debtor's business for effective reorganization [2]; the debtor had the ability to both make the monthly direct payments and to quickly cure the arrearages through the plan [3]; the debtor's payments were large enough to "maintain the equity ratio at an appropriate level" [4]; the funds to pay the arrearage were available and had been proffered to the creditor [5]; or the property was found not to be substantially decreasing in value.[6]

For the reasons stated, it is ORDERED that the stay be lifted as to E.F. Hutton Mortgage Corporation, Movant herein.

BE IT FURTHER ORDERED that the Movant shall notify the Court of the results of any foreclosure of the subject deed to secure debt and pay to the Trustee any excess funds received from such foreclosure sale.

---

1. *Shockley Forest,* at 163.

2. *Shockley Forest.*

3. *In re Rouse,* 43 B.R. 380, 384 (Bkcy.E.D.Pa. 1984).

4. *In re Lee,* 11 B.R. 84 (Bkcy.E.D.Pa.1981).

5. *In re Taddeo,* 685 F.2d 24, 25 (2nd Cir.1982); *In re Cooper,* 22 B.R. 718 (Bkcy.E.D.Pa.1982).

6. *La Jolla Mortgage Fund v. Rancho El Cajon Associates,* 18 B.R. 283, 287 (Bkcy.S.D.Cal.1982); *Shockley Forest* at 163.