In re Martha Lois Maddox
WILLIAMS, Debtor.

E.F. HUTTON MORTGAGE
CORPORATION, Movant,

v.

Martha Lois Maddox WILLIAMS, Debtor, and Camille Hope, Chapter 13
Trustee, Respondent.

Bankruptcy No. 86–40060–COL.

United States Bankruptcy Court,
M.D. Georgia,
Columbus Division.

Jan. 5, 1987.

Lewis N. Jones and Janet L. Womack, Atlanta, Ga., for movant.

James A. Elkins, Jr., Columbus, Ga., for Martha Lois Maddox Williams.

Camille Hope, Macon, Ga., trustee.

OPINION AND ORDER

JOHN T. LANEY, III, Bankruptcy Judge.

Debtor filed a Chapter 13 petition on February 3, 1986. A seven percent composition Plan was confirmed on August 29, 1986. That Plan provided that the Debtor would pay the Trustee $110.00 bi-weekly and that payments on the first and second mortgages on Debtor's home were to be made outside the Plan. Payments to the first security deed holder were 173.00 a month. Payments to the holder of the second security deed (Movant herein) were $140.82 per month. Debtor has failed to make payments to Movant since filing her petition herein. She contends that she has approximately $17,500.00 in the property. Her only excuse for not making the payments is that she thought that the payments she was making to the Trustee included her mortgage payments. She offers to make an additional $10.00 per month payment in order to cure the post-petition arrearage to Movant and testified that she was unable to make any greater payments to Movant to cure the post-petition arrearage.

The Court notes that payments to the Trustee under the Plan were less than the total of the two payments to security deed holders that were to be made outside the Plan. It is inconceivable that the Debtor thought that she could pay these and other secured creditors, cure a substantial pre-petition arrearage to security deed holders,

pay a small percentage to unsecured creditors, and pay the Trustee's expenses and commissions by paying the Trustee considerably less than the total of her monthly obligations to the two security deed holders. The Court also notes that the Debtor signed a proposed Plan of payments filed with the Court (Plaintiff's Exhibit 1) which on its face stated that the two security deed holders would be paid outside the Plan. Although the Trustee termed the payments under the Plan by the Debtor to be "satisfactory," she testified that payments were two and a half months behind as of the time of the hearing (November 7, 1986).

The Court finds that in this case there has been a significant unexcused post-petition default by the Debtor. Although Debtor has substantial equity in the property which is her residence, Debtor offers no hope of ability to cure the post-petition default within any reasonable period of time nor indeed does she offer any hope of curing the same within the life of the Plan.

Under these circumstances, the Movant has shown "cause" for lifting of the stay under Section 362(d)(1) of the Bankruptcy Code (11 U.S.C. Section 362(d)(1)). The Ninth Circuit Bankruptcy Appellate Panel held in *In re Ellis* that "[F]ailure to make post-confirmation payments can constitute cause for lifting the stay." 60 B.R. 432, 435, 9th Cir. B.A.P. 1985. The case goes on to point out that lack of adequate protection is only one example of "cause" for relief from the stay. *Id.* The Bankruptcy Court for the Southern District of New York also held that the Chapter 13 debtors' failure to make post-confirmation payments warranted lifting the automatic stay. "The issues of adequate protection and equity in the property are irrelevant in the face of post-confirmation payment defaults because creditors are entitled to rely upon the debtors' responsibilities to make their post-confirmation payments. The debtors are not required to remain in Chapter 13 if they cannot satisfy the obligations which they proposed as feasible and which they voluntarily assumed." *In re Davis*, 64 B.R. 358, 359–60 (Bkcy. S.D. N.Y. 1986). Also in accord with this decision are: *In re Marter*, 61 B.R. 271 (Bkcy. E.D.Pa. 1986); *In re Shahid*, 27 B.R. 673 (Bkcy. S.D. Ohio 1982); and *In re Quinlan*, 12 B.R. 516 (Bkcy. W.D. Wis. 1981).

The Debtor's brief cites several cases in which the debtor's equity cushion was found to be adequate protection for the creditor. As a Northern District of Georgia Bankruptcy case stated, "It has been recognized that an equity cushion created by an excess of security over debt *may* provide adequate protection to a creditor." *In re Shockley Forest Industries, Inc.*, 5 B.R. 160, 163 (Bkcy. N.D.Ga.1980) (emphasis added). The cases Debtor cites are each in some way distinguishable from the present case. In each, the court could find that the creditor was being adequately protected. In these cases, the debtor was willing to provide substantial additional collateral [1]; the property was necessary in the debtor's business for effective reorganization [2]; the debtor had the ability to both make the monthly direct payments and to quickly cure the arrearages through the plan [3]; the debtor's payments were large enough to "maintain the equity ratio at an appropriate level" [4]; or the funds to pay the arrearage were available and had been proffered to the creditor [5].

For the reasons stated, it is ORDERED that the stay be lifted as to E.F. Hutton Mortgage Corporation, Movant herein.

BE IT FURTHER ORDERED that the Movant shall notify the Court of the results of any foreclosure of the subject deed to secure debt and pay to the Trustee any excess funds received from such foreclosure sale.

1. *Shockley Forest* at 163.

2. *Shockley Forest.*

3. *In re Rouse*, 43 B.R. 380, 384 (Bkcy. E.D.Pa. 1984).

4. *In re Lee*, 11 B.R. 85 (Bkcy. E.D.Pa.1981).

5. *In re Taddeo*, 685 F.2d 24, 25 (2nd Cir.1982); *In re Cooper*, 22 B.R. 718 (Bkcy. E.D.Pa.1982).