**In re Michael Lancelot TAYLOR.**

**No. CV 92–3830.**

United States District Court,
E.D. New York.

March 9, 1993.

Freddie Grafstein, Deer Park, NY, for debtor.

Berkman, Henoch, Peterson & Peddy, Garden City, NY, for claimant.

## ORDER

WEXLER, District Judge.

On February 13, 1992, the United States Bankruptcy Court, Eastern District of New York, entered judgment for the Resolution Trust Corporation ("RTC"), lifting the automatic stay on Michael Lancelot Taylor's ("Taylor" or "debtor") bankruptcy estate. On February 26, 1992, debtor brought an order to show cause seeking to vacate the order lifting the automatic stay. The court denied debtor's motion and imposed sanctions in the amount of $750.00 jointly and severally against debtor and debtor's attorney pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure. Now before the Court is debtor's appeal from the bankruptcy court's imposition of sanctions. For the reasons discussed below, the order of the bankruptcy court is affirmed.

## I. BACKGROUND

On or about June 8, 1984, Taylor, as co-borrower with Monique R. Copeland, executed a note in favor of the First Northern Mortgage Corporation ("First Northern"), secured by a mortgage covering the premises known as 144–42 157th Street, Jamaica, New York. On November 16, 1990, the RTC was appointed receiver for First Northern, and as such is the holder of the note.

On March 19, 1991, debtor filed a petition under Chapter 13 of the Bankruptcy Code. On June 20, 1991, a hearing to confirm debtor's Chapter 13 plan was held before the bankruptcy court. The plan provided that debtor would pay the RTC the pre-petition mortgage payments that were in arrears at that time, and that monthly mortgage payments of $670.00 would be paid as they came due. Debtor failed to make any of the post-petition mortgage payments.

As a result, on November 25, 1991, the RTC moved pursuant to 11 U.S.C. § 362(d) to lift the automatic stay imposed under 11 U.S.C. § 362(a). The notice of motion was served upon debtor and his attorney, setting a return date of January 7, 1992, and requiring that any objections be filed in writing at least one day prior. Debtor failed to file any opposition papers by the specified date.

On January 7, 1992, at the request of debtor, the RTC adjourned the motion until January 28, 1992, so that the parties could enter into settlement talks. During the adjournment period, debtor made settlement offers which the RTC determined to be inadequate and therefore rejected.

On January 29, 1992, neither debtor nor his attorney appeared at the hearing on the motion to lift the automatic stay, and the relief requested by the RTC was granted. On January 29, 1992, an order modifying and terminating the automatic stay was served upon debtor and his attorney, setting February 11, 1992 as the settlement date for the order and February 10 as the last date by which objections to the order could be filed. Debtor failed to object, and the order was signed by the bankruptcy court on February 13, 1992.

On February 26, 1992, debtor brought an order to show cause seeking to vacate the order. On March 12, 1992, the bankruptcy court denied debtor's motion to vacate the order, and on June 11, 1992, the bankruptcy court imposed sanctions in the amount of $750.00 jointly and severally against debtor and his attorney.

## II. DISCUSSION

█ Rule 9011 of the Federal Rules of Bankruptcy Procedure provides that by signing a petition, pleading, motion, or other paper, the attorney certifies that "to the

best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...." The Rule further provides that the court shall impose appropriate sanctions, including reasonable attorney's fees, if a document is signed in violation of the Rule. A bankruptcy court's decision to impose sanctions pursuant to Rule 9011 will not be overturned absent a showing of abuse of discretion. *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir.1991). Because there was no legal or factual justification to vacate the stay order, the bankruptcy judge did not abuse his discretion in assessing attorney's fees. Accordingly, the order of the bankruptcy court is affirmed.

11 U.S.C. § 362(d)(1) provides that the court will lift the automatic stay "for cause, including the lack of adequate protection of an interest in property...." In any hearing for relief pursuant to 11 U.S.C. § 362(d), the party requesting such relief has the burden of production on the issue of "cause," and any party opposing the relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

█ In its motion to lift the automatic stay, the RTC met its burden and established that "cause" existed to lift the stay. It is undisputed that Taylor did not make any mortgage payments after the confirmation hearing. A debtor's failure to make regular mortgage payments as they become due constitutes sufficient "cause" to lift the automatic stay. *In re Heath*, 79 B.R. 616, 617 (Bankr.E.D.Pa.1987). *See also, In re Davis*, 64 B.R. 358, 359 (Bankr. S.D.N.Y.1986) (holding that a debtor's failure to make mortgage payments after confirmation of the Chapter 13 plan is sufficient grounds for lifting the stay without any further inquiry into adequate protection). The RTC therefore satisfied its burden under § 362(g)(1).

█ In order to rebut the RTC's prima facie case regarding "cause," it was incumbent upon Taylor to establish that the RTC's interest in the property was adequately protected. *In re Davenport*, 43 B.R. 103, 104 (Bankr.S.D.N.Y.1984). Thus, in order to justify bringing on the order to show cause seeking to vacate the stay order, Taylor had to show that the RTC's interest in the property was adequately protected. Taylor did not offer any facts or law to demonstrate that the RTC's interest was adequately protected. Indeed, even on this appeal, Taylor offers no reason to vacate the stay order. Thus, because Taylor failed to offer any facts or law supporting his order to show cause, the motion was not "grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," in violation of Rule 9011. Accordingly, the assessment of attorney's fees against debtor and his attorney was not an abuse of discretion, and the order of the bankruptcy judge is affirmed.

### III. CONCLUSION

For the above-stated reasons, the order of the bankruptcy court imposing sanctions in the amount of $750.00 jointly and severally against Michael Lancelot Taylor and his attorney is affirmed.

SO ORDERED.