**In re IRVING A. HORNS FARMS INC., Debtor.**

**Bankruptcy No. 84–01081.**

United States Bankruptcy Court, D. Iowa.

Aug. 31, 1984.

Daniel P. Ernst of Ernst & Cody, P.C., Dubuque, Iowa, for debtor.

Julie Johnson McLean, Gamble, Riepe, Webster, Davis & Green, Des Moines, Iowa, for Mutual of New York.

Kevin P. Sullivan, Whyte & Hirschboeck, S.C., Milwaukee, Wis., and Robert J. Cowie, Jr., Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, Iowa (local counsel), for Thorp Credit, Inc.

Ralph A. Smith, Noah & Smith, Charles City, Iowa, for First Security Bank and Trust Company of Charles City.

*ORDER re Thorp Credit Inc. Motion to Lift Stay; Mutual of New York Motion to Lift Stay; First Security Bank & Trust Co. of Charles City Motion to Lift Stay*

WILLIAM W. THINNES, Bankruptcy Judge.

On the first day of August, 1984, the hearing on Contested Nos. 593, 656 and 690 was held after proper notice. Present at said hearing were: Daniel Ernst, Attorney for the Debtor; Julie Johnson McLean, Attorney for Mutual of New York; Kevin Sullivan and Robert Cowie, Jr., Attorneys for Thorp Credit, Inc.; and Ralph A. Smith, Attorney for First Security Bank and Trust Company of Charles City.

The Motions of Mutual of New York and First Security Bank and Trust Company to intervene in Contested No. 593 were granted. Having granted said Motions, Contested Nos. 656 and 690 became moot and Contested Nos. 593, 656 and 690 were all consolidated for hearing and Orders thereon.

Having heard the testimony presented, pursuant to F.R.B.P. 7052 the Court makes

the following Findings of Fact, Conclusions of Law and Orders:

1. The Debtor-in-Possession is a dairy farmer having real estate located in Clayton and Allamakee Counties of Iowa. The Debtor-in-Possession filed a Petition seeking relief from this Court under Chapter 11 of the Bankruptcy code the 3rd day of May, 1984. As of the date of filing, the Debtor-in-Possession had not planted its 1984 crops.

2. Prior to filing its Petition for relief, the Debtor-in-Possession had given Thorp Credit, Inc. a second mortgage in its real estate, and a security interest in its machinery, crops, livestock, and had also agreed to pay $8,000 per month from the milk check to Thorp Credit, Inc. Since filing the Petition for relief the Debtor-in-Possession has not made any payments to Thorp from its milk checks but has used the milk proceeds for operating expenses.

3. The pleadings and the evidence adduced at trial do not reveal that Thorp ever filed a financing statement with the Secretary of State to perfect its security interest in the Debtor-in-Possessions's equipment and livestock.

4. At the time of filing, the Debtor-in-Possession's real property was subject to the following secured debts:

| Date of Total | Creditor | Total |
|---|---|---|
| 8/1/84 | Mutual Life Insurance Co. of New York (MONY) First Mortgage | $ 719,664. |
| 8/1/84 | Thorp Credit Inc. Second Mortgage | 512,944. |
| 5/3/84 | First Security Bank & Trust Co. (Harvestore) | 15,380. |
| 5/3/84 | Clayton & Allamakee Counties (real estate taxes) | 11,000.* |
| Total | | $1,258,987. |

* approximate tax due

5. At the time of filing, the Debtor-in-Possession's personal property was subject to the following secured debts:

| Date of Total | Creditor | Total |
|---|---|---|
| 5/3/84 | Tom White Dairy, Inc. (PMSI in 64 dairy cows) | $44,567. |
| 8/1/84 | Thorp Credit Inc. (blanket security agreement) | 512,944. |

6. The Court was apprised of the claimed values of the collateral of the Debtor-in-Possession. A summary of the testimony regarding the value of the collateral appears below; the values to be used by this court are in the right column:

| | Thorp | Debtor | Court Value |
|---|---|---|---|
| 680 A @ $1536/A | $1,045,000. | | |
| 410 A @ $2400/A | | $ 984.000. | |
| 280 A @ $1145/A | | 320,600. | |
| TOTAL LAND VALUES | $1,045,000. | $1,304,600. | $1,200,000. |

| | Thorp | | Debtor | Court Value |
|---|---|---|---|---|
| | Low | High | | |
| 1984 Crop | | | $152,000 | $152,000 |
| Machinery | | $123,000 | 173,700 | 140,000 |
| Livestock | $142,150 | to 170,100 | 157,000 | 157,000 |

7. After filing its Petition in Bankruptcy, the Debtor-in-Possession granted a third mortgage in the amount of approximately $72,000 to D & J Feeds to secure payment for the feed and fertilizer provided by said company. In addition, D & J Feeds was granted a first security interest in the 1984 crop.

8. The debt service requirements for the secured debt prior to Thorp assuming no interest accrues on the purchase-money security interest to Tom White Dairy, Inc., and D & J Feeds for the 1984 crop is as follows:

| Creditor | Interest Rate | Interest Per Month |
|---|---|---|
| Mutual Life Insurance Co. of New York (MONY) | 12% | $6,414 |
| First Security Bank & Trust Co. | 16% | 200 |
| Clayton & Allamakee Counties | 1% per mo. pursuant to § 445.39 Code of Iowa | 110 |
| Total interest per month | | $6,724 |

9. The milking setup is located on the farm mortgaged to Thorp and MONY.

10. Without the land, livestock and machinery, a reorganization appears to be impossible.

11. The value of the Harvestore is $15,000 while the debt owned to First Security Trust and Savings Bank is $15,380.

12. The Harvestore is currently in use.

## CONCLUSIONS OF LAW

This Court makes the following Conclusions of Law:

1. Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor-in-Possession has no equity in the real estate.

2. The property of the Debtor-in-Possession is essential for an effective reorganization.

3. The Debtor-in-Possession has failed to meet its burden of proof as to adequate protection being provided to Thorp Credit, Inc., on the real estate and Thorp is entitled to have the stay lifted as to the real estate.

4. Since this Court is lifting the stay with respect to the real estate and the Debtor-in-Possession has not offered adequate protection to First Security Trust and Savings Bank, the Stay with respect to the Harvestore must be lifted.

5. In fairness to MONY, since the stay with respect to the land is being lifted for Thorp, MONY must be allowed to protect its interests, thus MONY's Application to Lift the Stay must be granted.

## ORDERS

IT IS HEREBY ORDERED that the automatic stay afforded by 11 U.S.C. § 362 shall be lifted with respect to the real prop-

erty in which Thorp Credit, Inc. claims a security interest.

IT IS FURTHER ORDERED that the automatic stay with regard to the Harvestore in which First Security Bank & Trust Company claims a perfected security interest is lifted to allow First Security Bank & Trust Company to obtain a judgment but said Harvestore shall not be removed from the property without further Order of this Court.

IT IS FURTHER ORDERED that the automatic stay with respect to Mutual Life Insurance Company of New York is lifted.

## MEMORANDUM

### THORP'S MOTION TO LIFT THE STAY

■ In any litigation regarding a Motion to Lift the Automatic Stay the moving creditor must establish the validity and perfection of its security interests, the amount of the debt and other allowable costs secured by its claim and must carry the ultimate burden of proof with respect to equity. *United Companies Financing Corp. v. Brantley*, 6 B.R. 178, 184 (Bkrtcy.N.D. Fla.1980). Thorp has established the validity and perfection of its security interest in the Debtor-in-Possession's land. Thorp has a second mortgage on all of the Debtor-in-Possession's real property with said real property being subject to property taxes in the amount of $11,000 and the first mortgage in the amount of $719,664 to MONY. One Harvestore on the farm is subject to a perfected security interest to First Security Trust and Savings Bank in the amount of $15,380 with said perfected security interest being prior to the security interest of Thorp. The amount of Thorp's debt as of the date of hearing was $512,944.

■ Thorp has not proven that it has a properly perfected security interest in the Debtor-in-Possession's livestock and equipment. While the record reflects a security agreement between the parties, it is entirely void of any financing statement filed with the Secretary of State as is required by § 554.9401(1)(c) Code of Iowa (1983).

Therefore, this case is similar to *In re Coors of the Cumberland, Inc.*, 19 B.R. 313, 34 UCCRS 241 (Bkrtcy.M.D.Tenn. 1982), in which the creditor, seeking to have the automatic stay lifted, failed to offer proof that it had filed its financing statement with the Secretary of State. In *Coors* the Court held that "[s]ince no proof was offered that Coble [the movant] filed such a financing statement, the court concludes that Coble's security interest in the 26 trailers is unperfected and thus Coble is not entitled to adequate protection." 19 B.R. at 320, 34 UCCRS at 251.

Thorp has failed to prove that it has a perfected security interest in the Debtor-in-Possession's livestock and equipment, therefore, Thorp is in the position of an unsecured creditor with respect to the equipment and livestock. Since Thorp has not proven that it is entitled to have the stay lifted on the equipment and livestock or be afforded adequate protection, the remainder of the opinion will deal with Thorp's request that the stay on the real estate be lifted.

### EQUITY IN REAL ESTATE

■ The Debtor-in-Possession has no "equity" in the real property on which Thorp seeks to have the stay lifted. As used in 11 U.S.C. § 362(d)(2)(A), "equity" refers to the difference between the value of property which is the subject of relief and all encumbrances against it, not only the lien or liens which are the subject of relief. *See, In re Faires*, 34 B.R. 549, 551 (Bkrtcy.W.D.Wash.1983). The evidence adduced at trial leads this Court to the conclusion that the equity in the real property before consideration of the $512,944 debt to Thorp is $453,956 showing that Thorp is $58,988 undersecured in the real estate. Therefore, Thorp has met its burden of proof with respect to the Debtor-in-Possession's lack of equity as required by 11 U.S.C. § 362(d)(2)(A).

The debt service requirement on the secured debt encumbering the real property which is senior to Thorp's debt is $6,724 per month. Thus, Thorp's interest in the property is decreasing by $6,724 per month

without any decrease in the land value occurring. The Court takes judicial notice of the fact that additional real estate taxes will become due and payable within the next year which, if unpaid, will further decrease Thorp's interest in the property. Since Thorp has met its burden of proof with respect to lack of equity, the burden of proof now shifts to the Debtor-in-Possession with respect to the need for the property as being essential to an effective reorganization. 11 U.S.C. § 362(g).

## NECESSITY OF LAND FOR AN EFFECTIVE REORGANIZATION

The Debtor-in-Possession introduced evidence that it intends to sell the smaller farm as a part of its plan of reorganization. The Debtor-in-Possession also introduced testimony that it is storing its 1984 hay crop in a Harvestore on the 410 acre farm. In addition, Thorp's Exhibit No. 1 contains photographs of the Debtor-in-Possession's farms and it highlights the fact that the dairy equipment and milking set up are on the 410 acre farm. Since the Debtor-in-Possession is in the business of producing milk and the necessary facilities for production of milk are on the large farm, the Debtor-in-Possession has met its burden of proof that the farmland is essential to an effective reorganization. *See, In re Koopmans,* 22 B.R. 395, 407 (Bkrtcy.Utah 1982).

## ADEQUATE PROTECTION

The Court will now review a second basis for Thorp's claim for relief from the automatic stay of 11 U.S.C. § 362(a), that being for cause, due to lack of adequate protection pursuant to 11 U.S.C. § 362(d)(1). "Adequate protection" as bearing upon the automatic stay contemplates protecting the secured creditor from "decreases in the value of such entity's interest" in the collateral due to the imposition of the stay; in the context of the automatic stay Congress believed existence vel non of such decline to be almost decisive in determining the need for adequate protection. *In re Saypol,* 31 B.R. 796, 800 (Bkrtcy.N.Y.1983). In the instant case even without accruing real estate taxes the real property in which Thorp has a second mortgage interest is declining in equity by $6,724 per month through interest charges on the prior secured debt.

Thorp has established a prima facia case for relief from the stay due to the continual diminution of its security interest by accruing interest. Having established a prima facia case that the stay should be lifted, the burden of proof with respect to adequate protection shifts to the Debtor-in-Possession. 11 U.S.C. § 362(g); *In re Gauvin,* 24 B.R. 578, 580 (Bkrtcy.App. 9th Cir.1982); and *In re Kane,* 27 B.R. 902, 905 (Bkrtcy. M.D.Pa.1983).

The Bankruptcy Code provides three non-exhaustive examples of adequate protection in 11 U.S.C. § 361. That section provides the following:

§ 361. Adequate protection

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

In the case at bar it must be noted that the Debtor-in-Possession has not provided any assurance of adequate protection for Thorp. Indeed, the Debtor-in-Possession

has failed to honor its $8,000 per month milk check assignment to Thorp since the Petition was filed. In addition, the Debtor-in-Possession did not make any offer which could be construed as providing adequate protection as described in 11 U.S.C. § 361 for Thorp's interest in the real estate. It is not the Court's duty to fashion adequate protection. Since the Debtor-in-Possession has not provided any offer of adequate protection for Thorp's interest in the real estate this Court has no choice but to lift the stay on the real estate for cause as provided in 11 U.S.C. § 362(d)(1). Since the stay is being lifted with respect to the real estate pursuant to Thorp's motion, it must also be lifted with respect to MONY and First Security Bank and Trust Company of Charles City so that they can protect their interest.

MONY AND FIRST SECURITY'S MOTIONS TO LIFT THE STAY

Since this Court is compelled to grant Thorp's motion to lift the stay as to the real estate it would be inequitable to preclude MONY and First Security from protecting their respective interests in the real estate. Therefore, notwithstanding the dismissal of MONY's motion to lift the stay at trial, MONY's motion to lift the stay is granted. There having been no adequate protection offered by the Debtor-in-Possession to First Security for its interest in the Harvestore and the fact that Thorp and MONY are now free to foreclose on the real estate the motion of First Security to lift the stay is granted.