**In re Kenneth E. BORCHERS dba K–C, Ltd. Carol M. Borchers, Debtors.**

**In re K–C, LTD. A Corporation, Debtor.**

**Bankruptcy Nos. 84–04124, 84–04125.**

United States Bankruptcy Court, N.D. Iowa.

Nov. 2, 1984.

held after proper notice. Contested Nos. 702 and 703 deal with the same mortgage, note and real estate. Therefore, a consolidated hearing was held. Present at said hearing were: Alvin J. Ford, Attorney for the Debtor; and William Edmonds, attorney for Travelers Insurance Company (hereinafter Travelers).

Having heard the testimony adduced at trial, the arguments of counsel, and pursuant to Federal Rule of Bankruptcy Procedure 7052, the Court makes the following Findings of Fact, Conclusions of Law and Orders:

## FINDINGS OF FACT

1. The Debtors-in-Possession are farmers having real estate located in Ida County, Iowa. The Debtors-in-Possession, Kenneth E. and Carol M. Borchers and K–C, Ltd., an Iowa corporation, filed their respective petitions for relief under Chapter 11 of the Bankruptcy Code on April 4, 1984.

2. On March 10, 1980, Kenneth E. Borchers and Carol M. Borchers granted a real estate mortgage to Travelers Insurance Company of Hartford, Connecticut. On that same date they signed a First Mortgage Note in the amount of $180,-000.00.

3. The debt owed to Travelers on the date of filing and date of hearing are set forth below:

|  | Date of Filing 4/4/84 | Date of Hearing 10/4/84 |
| --- | --- | --- |
| Principal | $165,000.00 | $165,000.00 |
| Accrued Interest | 23,271.78 | 33,162.30 |
| Delinquent Interest | 1,006.23 | 2,403.32 |
| Attorney Fees |  | 1,140.98 |
| Total Due Travelers | $189,278.01 | $201,706.60 |

Alvin J. Ford, Sioux City, Iowa, and Robert Belson, Holstein, Iowa, for debtors.

William L. Edmonds, Sioux City, Iowa, for Travelers Ins. Co.

*Findings of Fact, Conclusions of Law, and ORDER Lifting Stay re Real Estate; with Memorandum*

WILLIAM W. THINNES, Bankruptcy Judge.

On the 4th day of October, 1984, the hearing on Contested Nos. 702 and 703 was

4. The real estate involved in this proceeding consists of two parcels (40 and 80 acres respectively) which had the following values on the date of filing and the date of hearing:

|  | Date of Filing 4/4/84 | Date of Hearing 10/4/84 |
| --- | --- | --- |
| 40 Acres | $ 80,000 | $ 70,000 |
| 80 Acres | 120,000 | 88,000 |
|  | $200,000 | $158,000 |

5. Testimony reveals that unless interest rates decline and commodity prices increase, land prices will decline 10–12% over the next 6 months.

6. The real estate taxes on the subject property are past due.

7. The Debtors-in-Possession filed a Proposed Plan of Reorganization and Proposed Disclosure Statement on August 30, 1984. The Proposed Plan provides that Travelers will be paid $190,000 over 20 years, with interest at 12% with the first payment 8 months after confirmation of the plan.

8. The Proposed Plan anticipates the production of 3,000 head of hogs per year. The facilities for hog production are located on the 40–acre parcel which is one of the subjects of this litigation.

## CONCLUSIONS OF LAW

1. There is no equity in the property.

2. The property is necessary for an effective reorganization. Therefore, the automatic stay cannot be lifted pursuant to 11 U.S.C. § 362(d)(2).

3. The Debtors-in-Possession have failed to provide Travelers with adequate protection as required by 11 U.S.C. § 362(d)(1) for the following reasons:

(a) The value of the property will decline 10–12% over the next 6 months.

(b) the Proposed Plan of Reorganization does not propose to make any payments to Travelers for 8 months after confirmation.

(c) No new security is being provided to Travelers to protect it from declining real estate prices.

4. Due to the lack of adequate protection the Court must lift the stay.

## MEMORANDUM

In stay litigation under 11 U.S.C. § 362(d) the moving creditor must establish the following:

(1) validity and perfection of its security interests;

(2) the amount of debt and other allowable costs secured by its claim; and,

(3) the lack of equity of the debtor in the secured property.

*United Companies Financing Corp. v. Brantley,* 6 B.R. 178, 184 (Bkrtcy.N.D.Fla. 1980). Travelers has established the validity and perfection of its first mortgage on the Debtors-in-Possession's real estate.

### *Equity*

Travelers has also established that as of the date of the hearing the value of the real estate was $158,000 while Travelers was owed $201,760.60. Therefore, the Debtors-in-Possession have no equity in the property. Since Travelers has proven that there is no equity in the property the Debtors-in-Possession have the burden of proof regarding the necessity of the property for an effective reorganization. 11 U.S.C. § 362(g).

### *Necessity for an Effective Reorganization*

A Debtor-in-Possession, Kenneth Borcher, testified that his facilities for hog farrowing are located on the 40–acre parcel mortgaged to Travelers. Mr. Borchers further testified that his Plan of Reorganization contemplates the production of 3,000 head of finished hogs per year. The Court notes that the Proposed Plan of Reorganization projects that the hog finishing operation will raise approximately $300,000 in sales for the Debtor-in-Possession. The testimony of the Debtor-in-Possession is sufficient to meet the burden of proof of the need for the 40–acre parcel for an effective reorganization. *See, In re Koopmans,* 22 B.R. 395, 407 (Bkrtcy.Utah 1982).

The 80–acre parcel would be necessary for grain production to support the hog operation according to Mr. Borcher. Mr. Borcher testified that he can raise the corn cheaper on his land than he can buy the corn, therefore its retention by the estate would benefit the reorganization effort. The Court notes that utilizing the 12% interest proposed under the Debtor-in-Possession's plan that the interest cost per

acre, conservatively calculated, would be $119.50 per acre.[1] While no evidence regarding the costs of corn production on this land versus rented land were presented, the Court is skeptical of the Debtor-in-Possession's contention. However, since no other evidence was produced the Court concludes that the 80–acre parcel is also necessary for an effective reorganization. *See*, *In re Koopmans*, 22 B.R. at 407. Since the property is necessary for an effective reorganization the stay cannot be lifted pursuant to 11 U.S.C. § 362(d)(2).

### *Adequate Protection*

 Traveler's also asserts that it is not adequately protected as required by 11 U.S.C. § 362(d)(1). "Adequate protection" as bearing upon the automatic stay contemplates protecting the secured creditor from "decreases in the value of such entity's interest" in the collateral due to the imposition of the stay; in the context of the automatic stay Congress believed the existence *vel non* of such decline to be almost decisive in determining the need for adequate protection. *In re Saypol*, 31 B.R. 796, 800 (Bkrtcy.N.Y.1983). Travelers has proven that the real estate prices will most probably decline 10–12% in the next six months.

Given Travelers' proof of the anticipated future decline in real estate prices Travelers has established a prima facie case for relief from the stay. Since Travelers has established a prima facie case that the stay should be lifted, the burden of proof with respect to the adequate protection is shifted to the Debtors-in-Possession. 11 U.S.C. § 362(g); *In re Gauvin*, 24 B.R.

578, 580 (Bkrtcy.App. 9th Cir.1982); and, *In re Kane*, 27 B.R. 902, 905 (Bkrtcy.M.D. Pa.1983).

The Debtors-in-Possession's Proposed Plan of Reorganization proposes to pay Travelers $190,000 over 20 years at 12% interest with quarterly payments of $6,359.24. The first payment is not to be made until 8 months after the confirmation of the plan.[2] The Court notes that Travelers has shown that the real estate will decline 10–12% in value over the next 6 months. Utilizing the value of the property which this Court has found to be $158,000 the property will decline approximately $15,800 over the next 6 months. This decline is greater than the payment being offered to Travelers. In light of the above facts, the Court concludes that the Debtors-in-Possession have not offered Travelers adequate protection and the stay must be lifted.

---

1. The interest per acre is based upon the value of the real estate as previously determined by this Court and the fact that the property is fully encumbered.

Value $88,000 × 12% interest = $9,560.00 per year.
$9,560÷80 acres = $119.50 interest/acre/year.

Assuming the principal payment to Travelers proposed under the plan of $190,000 the value per acre is $1583. ($190,000 ÷ 120 acres = $1583/acre) Payments at 12% interest result in an interest cost of $189.96/acre/yr.

2. The Court notes that the Proposed Plan and Disclosure Statement were filed on August 30,

1984. No hearing has yet been set on the Disclosure Statement. Given the notice required for approval of Disclosure Statements a plan could not be confirmed for at least 60 days. Therefore, the first payment which Travelers would receive would be at least 10 months from now and the property could decline an additional 20%. The Court also notes that the property value has declined 21% from the date of filing. Certainly quarterly payments of $6,359.24 (principal and interest) are not adequate protection for Travelers given the declining land prices proven at trial.