**In re Ki Joong KIM.**

**FSFG SERVICE CORPORATION, Movant,**

v.

**Ki Joong KIM, et al., Respondent.**

**Bankruptcy No. LAX 86–51746–SB.**

United States Bankruptcy Court, C.D. California.

April 13, 1987.

---

Steven B. Soltman of Zegar & Ostrin, for the creditor FSFG, Inc.

MEMORANDUM OF DECISION CONTINUING FINAL HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY

SAMUEL L. BUFFORD, Bankruptcy Judge.

## I. INTRODUCTION

This contested proceeding raises the question of the quantum of evidence neces- sary for a creditor to obtain relief from the automatic stay based on cause in a Chapter 13 case, where the debtor has offered no opposition.

## II. MATERIAL FACTS

Debtor Ki Joong Kim filed this Chapter 13 bankruptcy case on April 9, 1986. At the time of filing Kim owned a home in Glendale, California which was encumbered by two deeds of trust. The first deed of trust supported a promissory note in the amount of $100,000 to Home Savings of America. The second deed of trust supported a promissory note in the amount of $36,400 to Financial Services Funding Group of Southern California, Inc. ("Financial Services"), predecessor of the moving party herein.

At the time of filing, Kim owed arrearages of six payments of $1,025 each to Home Savings of America, and nine payments of $489.65 each to Financial Services. The Chapter 13 plan, which was confirmed on June 9, 1986, provides for the repayment of these arrearages (plus interest at twelve percent per annum) and certain unpaid taxes over a period of 36 months.

On February 24, 1987 FSFG Service Corporation ("FSFG") filed a motion for relief from the automatic stay of Bankruptcy Code § 362(a), 11 U.S.C. § 362(a) (1979 & Supp. 1986), for "cause", on the grounds that the debtor has failed to make the regular post-confirmation mortgage payments to it. The motion was set for preliminary hearing on March 18, 1987. Because FSFG filed no evidence with the moving papers and it served the wrong Chapter 13 trustee, the Court set a final hearing on April 8, 1987, and ordered that the automatic stay continue in effect pending the final hearing. At the April 8, 1987 final hearing FSFG had still not filed any evidence, or filed proof of service on the correct Chapter 13 trustee.

FSFG alleges that post-confirmation maintenance payments in the amount of $489.65 per month have not been made to it

since November, 1986. It also alleges that it has been provided no evidence of fire insurance on the property or of the payment of property taxes.

 No evidence has been filed with the moving papers in support of any of these factual claims. In fact, the only factual support filed with the motion consists in two unauthenticated documents: A promissory note to Financial Services dated November 21, 1983, and an assignment of a deed of trust from Financial Services to First Texas Savings Association, recorded November 28, 1983. Because these documents are not authenticated, they must be disregarded by the Court. Upon their proper authentication, however, FSFG would still be required to explain whether and how it is the successor to Financial Services, in view of the transfer of the trust deed to First Texas Savings Association.

## III. DISCUSSION

### A. Grounds for Relief from Automatic Stay: Cause

Bankruptcy Code § 362(d)(1) provides for relief from the automatic stay of section 362(a) for cause:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest....

The "cause" upon which FSFG relies in this motion is lack of adequate protection. Adequate protection is defined in part in section 361 as follows:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
> (1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section

362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

The usual adequate protection provided by a Chapter 13 debtor is regular post-petition mortgage payments. The confirmed plan in this case requires such payments to Financial Services. FSFG has brought this motion for relief from stay because of its alleged failure to receive its regular maintenance payments.

### B. Burden of Proof

Bankruptcy Code § 362(g) allocates the burden of proof on a motion for relief from stay:

> In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> (2) the party opposing such relief has the burden of proof on all other issues.

The debtor has the burden of proof on almost all issues on a relief from stay motion, including a showing that there is no cause to terminate the stay, under Ninth Circuit law. *In re Ellis,* 60 B.R. 432, 435 (9th Cir. BAP 1985); *In re Gauvin,* 24 B.R.

578, 580 (9th Cir. BAP 1982).[1] The debtor's failure to carry this burden of proof will result in the granting of relief from the automatic stay.

██ This allocation of the burden of proof rests on good policy foundations. The automatic stay is a type of temporary restraining order or preliminary injunction. In fact, it is the broadest and most powerful injunction available from any court in the United States. Unlike a typical temporary restraining order or preliminary injunction, however, it is granted without the showing for a preliminary injunction required in a federal district court or state court, and without a hearing to the parties to be enjoined. The automatic stay is obtained by filing a one-page fill-in-the-blank bankruptcy petition, and paying a ninety dollar filing fee at the clerk's intake window. It is effective even though a creditor may have received no notice whatever of it. *See, e.g., In re Advent Corp.,* 24 B.R. 612, 614 (1st Cir. BAP 1982); *LaTempa v. Long (In re LaTempa),* 58 B.R. 538, 540 (Bankr. W.D.Va.1986). The chief benefit to a creditor of lack of notice of the automatic stay is that it provides a defense to a claim under section 362(h) for damages, including punitive damages, and for costs and attorneys fees.

When the automatic stay is challenged by a creditor, however, section 362(g) places most of the burden of proof on a debtor to justify this super-injunction with respect to the challenging creditor, and properly so.

██ The Court rarely considers a debtor's equity in property on a relief from stay motion in a Chapter 13 case, because the failure to make post-confirmation mortgage payments is a material default under the plan, and is cause for relief from stay. *In re Davis,* 64 B.R. 358, 359 (Bankr.S.D.N.Y.1986).

Because equity is not an issue in a relief from stay motion in a Chapter 13 case, section 362(g) imposes no burden of proof

at all on a creditor in a typical Chapter 13 motion for relief from stay. It does not follow, however, that a creditor is entitled to relief from stay without offering any evidence, even if the motion is unopposed.

### C. Burden of Producing Evidence

██ Although section 362(g) allocates the ultimate burden of proof, it is silent as to the burden of producing evidence. A creditor seeking relief from the automatic stay has the burden of producing evidence to make a prima facie case that the creditor is entitled to relief from stay. *See, e.g., In re Setzer,* 47 B.R. 340, 345 (Bankr.E.D.N.Y. 1985); *In re Fazio,* 41 B.R. 865, 867 (Bankr.E.D.Pa.1984); *In re Heinzeroth,* 40 B.R. 518, 520 (Bankr.E.D.Pa.1984). A creditor cannot obtain relief from stay with no evidence whatever, and with only unsupported allegations. *Cf. In re Curtis,* 40 B.R. 795, 803 (Bankr.D.Utah 1984). A debtor need not offer evidence of adequate protection unless the creditor has established a prima facie case. *In re Royce,* 32 B.R. 63, 64 (Bankr.M.D.Pa.1983).

██ Upon the establishment of a prima facie case, the burden of producing evidence shifts to the debtor. *In re Borchers,* 45 B.R. 69, 72 (Bankr.N.D.Iowa 1984); *In re Irving A. Horns Farms, Inc.,* 42 B.R. 832, 837 (Bankr.N.D.Iowa 1984). A creditor who has established a prima facie case is entitled to relief from stay if a debtor fails to carry the burden of persuasion in opposition. Upon the debtor's default, such a prima facie case entitles the moving party to relief from stay.

██ The burden of producing evidence is partially a procedural rule and partially a substantive rule. Where the burden is met, the impact of the rule is procedural: It drops out of consideration altogether, and the case is decided on the basis of the ultimate burden of persuasion. In contrast, the impact of the burden of producing evidence is substantive if the

---

1. *But see In re Kane,* 27 B.R. 902, 904 (Bankr.M. D.Pa.1983) holding that a moving creditor has the burden of proof on showing "cause" because the substantive requirement to show "cause" in

section 362(d) prevails over the more general allocation of the burden of proof in section 362(g).

burden is not met: The party who fails to carry his burden loses on the issue to which the burden applies, and the ultimate burden of persuasion, which may lie on a different party, plays no role. E. Cleary, *McCormick on Evidence* 947 (3d ed. 1984). In a motion for relief from stay, the motion must be denied if the moving creditor fails to make a prima facie case for relief from stay, and the burden of proof set forth in section 362(g) plays no role.

The substantive impact of the allocation of the burden of producing evidence has two substantial policy foundations. First, a party is not permitted to prevail on an issue, even where the party does not have the ultimate burden of persuasion, unless the party introduces a certain quantum of evidence sufficient to put his opponent to the burden of producing evidence. Unless the quantum of proof on an issue reaches a certain threshold, no issue is raised that the opposing party is required to meet.

Second, the burden of producing evidence is normally allocated to the party most likely to have the evidence and the motivation to produce it. Thus, if the party with the burden of producing evidence fails to produce the required evidence, the court is entitled to assume that it does not exist.

These policy grounds apply to a relief from stay motion in a Chapter 13 case. Absent the requirement that a creditor establish a prima facie case to qualify for relief from stay, relief from stay motions would be reduced to one-liners: By simply stating, "I move for relief from stay," a creditor would be able to put a debtor to his or her proof on entitlement to an automatic stay and the provision of adequate protection. Such a rule would unduly clog the Court's already over-crowded calendar, and would substantially undermine the orderly Chapter 13 process envisioned by Congress. Thus the first policy ground applies for imposing the burden of producing evidence on the moving creditor.

The second policy ground for allocating the burden of producing evidence to the moving creditor also applies to Chapter 13 relief from stay motions. Such a creditor is the party with the motivation to bring before the court the evidence on who has a right to receive payments, and the non-payment by the debtor. In addition, the moving creditor may be the only party who even knows the identity of the owner of the obligation from the debtor. As this case illustrates, promissory notes and deeds of trust are frequently transferred in the secondary mortgage market with no notice to the promisor, who often does not know who is the ultimate recipient of his payments. While the promisor may think that his original lender still owns the note and deed of trust, quite often the original lender is only a servicing agent for a variety of ultimate owners of the obligation.

What constitutes a prima facie case for relief from stay turns on the grounds upon which relief from stay is sought. Where, as here, relief from stay is grounded in cause, based on lack of post-confirmation maintenance payments, the moving creditor must establish a prima facie case supporting the cause for relief from the automatic stay. Such a prima facie case must include: (1) a showing of an obligation owing by the debtor to the creditor; (2) a valid security interest as to which relief from stay is sought, *In re Wolsky*, 53 B.R. 751, 757 (Bankr.D.N.D. 1985); (3) the cause justifying relief from stay, such as the post-petition or post-confirmation default.

Unsupported allegations are not evidence to support a creditor's burden. *In re Wolsky, supra.* Such allegations do not make a prima facie case, absent supporting evidence, even where the relief from stay motion is unopposed. The moving party must submit proof, in the form of declarations or other admissible evidence, to support each of the elements of the prima facie case.

Because relief from stay applications are brought by motion, the moving party is required to attach the supporting evidence to the moving papers.[2] This Court has

---

2. Because of the great volume of relief from stay litigation in this Court (resulting from the great volume of cases and heavy caseloads in this district), no testimony is taken on a relief

specified the required evidence in its general order governing cases under Chapter 13, which provides in paragraph 21 as follows:

Declaration(s) based on personal knowledge or other admissible evidence setting forth the factual basis for relief shall be included [in the moving papers].

The moving papers by the holder of a trust deed shall specify:

a) the date of filing of the Chapter 13 petition;

b) the date of confirmation of the plan (if the plan has been confirmed);

c) the amount of the monthly maintenance payment at issue;

d) the date of post-petition or post-confirmation default;

e) the total amount of the post-petition or post-confirmation payments (principal and interest) in default as of the date of filing of the motion, and due as of the date of hearing, and the total amount of any other post-petition charges due as of each of these dates;

f) the date of recording of notice of default (if any);

g) the scheduled date, place and time of sale by moving party (if notice of sale has been published);

h) the identity of the original lien-holder, if different from the moving party;

i) information on junior and senior encumbrances and the current status of each (if available).

FSFG has offered no admissible evidence on any of these subjects.

## IV. CONCLUSION

In this case, the moving creditor has offered no evidence to support a prima facie case for relief from the automatic stay. FSFG should be given an opportunity to present such evidence, and to provide proof of service on the proper Chapter 13 trustee. In consequence, the final hearing herein is continued to April 29, 1987 at 10:00 a.m. to permit it to offer such evidence. The automatic stay will continue in effect pending the conclusion of the final hearing.

from stay motion, except on special order of the Court.