**In re Robert J. BROWN, Helen E. Brown, Debtors.**

**Bankruptcy No. 2–86–02414.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Sept. 4, 1987.

Nicholas W. Jones, Delaware, Ohio, for debtors.

Kathleen E. Hayes, Lerner, Sampson & Rothfuss, Cincinnati, Ohio, for Firemen's Fund.

Frank M. Pees, Worthington, Ohio, Chapter 13 trustee.

## ORDER DENYING MOTION TO MODIFY STAY OF FIREMEN'S FUND MORTGAGE CORPORATION

R.G. COLE, Bankruptcy Judge.

This matter is before the Court upon Firemen's Fund Mortgage Corporation's ("Firemen's Fund") Motion to Modify Automatic Stay and the Debtors' Memorandum in Opposition to Motion for Relief from Stay. This Court has jurisdiction over the present case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(G).

In support of its motion for relief from stay, Firemen's Fund asserts that the debtors in this Chapter 13 case failed to make regular monthly mortgage "payments outside the plan" [1] for the previous seven (7)

---

1. Counsel for Firemen's Fund, at the hearing of this matter, referred to the monthly mortgage payments due the movant as payments "outside the plan."

It is common in this District for Chapter 13 debtors to make their monthly mortgage payments directly to the holders of mortgages upon their residences. Such direct payments are typically referred to as payments "outside the plan," and the trustee does not collect his percentage fee from these payments. The Court notes that, while the terms "inside" and "outside" the plan

months, creating an arrearage due Firemen's Fund of approximately $5,000. Further, Firemen's Fund contends that the debtors possessed no equity in the secured property. Firemen's Fund notes that principal and interest due under the note executed between Firemen's Fund and the debtors was approximately $24,000. Firemen's Fund argues that, even assuming the property was valued at the $25,000 amount listed in the debtors' Chapter 13 Statement (Official Form No. 10), when costs of sale are subtracted from this figure, it is readily apparent that the debtors have no equity in the subject property. Accordingly, Firemen's Fund argues that it should be granted relief from stay so that it might pursue a state court foreclosure action against the property.

In response, the debtors argue that Firemen's Fund did not make the evidentiary showing necessary to obtain relief under 11 U.S.C. § 362(d). The debtors argue that Firemen's Fund failed to present any evidence whatsoever at the hearing; specifically, Firemen's Fund chose not to introduce evidence establishing a lack of equity in the property or other facts evincing a lack of adequate protection on the part of Firemen's Fund. Hence, debtors contend

that Firemen's Fund's relief from stay motion should be denied.

Firemen's Fund seeks relief from the automatic stay imposed by 11 U.S.C. § 362(a) in order to commence a state court foreclosure action upon the parcel of real estate securing the debtors' obligation to Firemen's Fund. Firemen's Fund's motion states that Firemen's Fund is entitled to a modification of the automatic stay " 'for cause' pursuant to Section 362(d)(1) of the Bankruptcy Code." Based upon the wording of Firemen's Fund's motion and the arguments made by their counsel at hearing, it is clear that Firemen's Fund is not seeking relief pursuant to 11 U.S.C. § 362(d)(2).[2]

Section 362(d)(1) states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) For cause, including the lack of adequate protection of an interest in property of such party in interest; ...

Apparently, it is Firemen's Fund's contention that the debtors' failure to make regular monthly mortgage payments consti-

---

may be an inviting shorthand to denote whether payments to creditors are to be made by the trustee or by the debtor, such terminology can engender confusion. A leading bankruptcy commentator has described such terminology in the following manner:

The terminology "payments made outside the plan" is an archaic and improper expression in Chapter 13 under the Code. Its erroneous use by some practitioners to refer to payments made directly to creditors, generally the current mortgage payments on debtor's residence, is a carryover derived from Chapter XIII of the Bankruptcy Act which prohibited the debtor's plan from affecting debt on real property. Thus, any payments by a debtor to such creditors were made "outside the plan." ... All post-petition payments by a Chapter 13 debtor to creditors must be made pursuant to the confirmed plan—generally through the Chapter 13 trustee. However, some courts allow the current mortgage payments on the debtor's principal residence and some other secured claimants to be paid by payments remitted by the debtor directly to the claimant rather than through the Chapter

13 trustee. Nevertheless, such direct payments are pursuant to the plan and the order confirming the plan. Such payments are not "outside the plan" and any such expression is improper bankruptcy terminology. The proper terminology is "payments made direct to the claimant."

Norton, *1984 Ann.Serv.Bankr.L.* at 2 (1984). *See also, In re Hankins,* 62 B.R. 831, 836 (W.D. Va.1986) ("The terms 'inside' and 'outside' the Plan ... have no place under the Bankruptcy Code. Chapter 13 Trustees are hereby directed that future Confirmation Orders tendered to the Court shall not utilize such terminology, but indicate whether the debtor or Trustee shall be the disbursing agent").

2. Section 362(d)(2) provides as follows:

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

tutes cause under § 362(d)(1).[3] The debtors, on the other hand, argue, *inter alia,* that there has been no showing that Firemen's Fund's lien interest in the secured property exceeds the value of such property. Put differently, the debtors contend that Firemen's Fund's interest is adequately protected by an "equity cushion."[4]

Curiously, neither the movant nor the debtors introduced any evidence establishing the current value of the property which secures debtors' obligation to Firemen's Fund. Instead, counsel for Firemen's Fund simply argued that no equity in the secured property exists and debtors' counsel argued the contrary. The Court notes that it is indeed unusual in stay litigation involving an allegation that a secured party's interest in real property lacks adequate protection for there to be such a complete failure on the part of the parties to submit evidence establishing the value of (and, thus, the existence or non-existence of equity in) the collateral. The effect of the parties' failure to present evidence establishing the value of the debtors' property will be discussed below.

 Under the Bankruptcy Code, the burden of proof in stay litigation is governed by 11 U.S.C. § 362(g). That subsection states:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues.

A creditor commencing an action for relief from stay under § 372(d)(1) has the initial burden of proving a *prima facie* case: cause must be shown to exist. *See, In re Wolsky,* 53 B.R. 751 (Bankr.D.N.D.1985); *In re Kane,* 27 B.R. 902 (Bankr.M.D.Pa. 1983); *In re Royce,* 32 B.R. 63 (Bankr.M.D. Pa.1983); *In re Curtis,* 40 B.R. 795 (Bankr. D.Utah 1984); 2 *Collier on Bankruptcy,* ¶ 362.10 at 362–66 (15th ed. 1986).[5] When the creditor establishes this *prima facie* case, it is then the debtor's obligation to come forward with evidence that the creditor's position is adequately protected. *In re Kane,* 27 B.R. at 905; *In re Curtis,* 40 B.R. at 802–803.

 The precise issue now before the Court was recently addressed by Judge

---

**3.** Although Firemen's Fund's cause argument under § 362(d)(1) was premised upon debtors' lack of equity in the secured property, the Court notes that it usually is not necessary to determine the existence or non-existence of equity in relief from stay motions in Chapter 13 cases which are based upon a debtor's failure to make post-confirmation mortgage payments. Under such circumstances, courts have held that a debtor's failure to make post-confirmation payments, in addition to constituting grounds for dismissal under 11 U.S.C. § 1307(c)(6), also constitutes cause for lifting the stay. *In re Kim,* 71 B.R. 1011 (Bankr.C.D.Cal.1987); *In re Davis,* 64 B.R. 358 (Bankr.S.D.N.Y.1986); *Ellis v. Parr (In re Ellis),* 60 B.R. 432 (9th Cir.BAP 1985); *In re Clark,* 38 B.R. 683 (Bankr.E.D.Pa.1984); *Federal National Mortgage Association v. Moore (In re Shahid),* 27 B.R. 673 (Bankr.S.D.Ohio 1982); *In re Quinlan,* 12 B.R. 516 (Bankr.W.D.Wis.1981).

**4.** An equity cushion has been defined as the value in the property, above the amount owed to a creditor with a secured claim, that will shield that interest from loss due to a decrease in the value of the property during the time the automatic stay remains in effect. *See, In re Mellor,* 734 F.2d 1396 (9th Cir.1984); *In re Roane,* 8 B.R. 997 (Bankr.E.D.Pa.1981), *aff'd.,* 14

B.R. 542 (E.D.Pa.1981). Although the existence of an equity cushion is not a form of adequate protection specifically mentioned in 11 U.S.C. § 361, it is a classic form of protection for a secured debt justifying the restraint of lien enforcement by a bankruptcy court. *In re Curtis,* 9 B.R. 110 (Bankr.E.D.Pa.1981). Some courts have held that the existence of an equity cushion, standing alone, can provide adequate protection. *See, e.g., In re San Clemente Estates,* 5 B.R. 605 (Bankr.S.D.Cal.1980); *In re Tucker,* 5 B.R. 180 (Bankr.S.D.N.Y.1980).

**5.** Collier states:

In raising a lack of adequate protection issue under section 362(d)(1), the creditor often will have to sustain the burden of showing "lack of equity" to have made a showing of cause in order to shift the burden of going forward to the debtor, who then bears the burden of showing that the creditor is adequately protected. Thus whenever the issue of the debtor's equity in property is relevant in a hearing under section 362(d) or (e), the party requesting relief from the stay will have the burden of proof (risk of non-persuasion) on that issue.

2 *Collier on Bankruptcy,* ¶ 362.10 at 362–66 (15th ed. 1986) (footnotes omitted).

Scholl in *In re Stranahan Gear Co., Inc.*, 67 B.R. 834 (Bankr.E.D.Pa.1986). As in the case *sub judice*, the moving party in *Stranahan Gear* offered no evidence to support its relief from stay motion, but instead orally restated the allegations set forth in its motion. In denying the movant's relief from stay motion, the *Stranahan Gear* Court stated as follows:

The Moving Party here is therefore in error in its assumption that, because the Debtor has produced no evidence, it is thereupon *ipso facto* entitled to relief from the stay. Rather, the relevant law on such matters establishes that, before relief from the stay can be considered, the Moving Party first had the burden of showing "cause" for relief. Therefore, in the all too typical instance in our Court, which has played out in this case, where the "record" presented is limited to arguments of counsel and no evidence is presented, it is the *Debtor* rather than the party seeking relief from the stay who must prevail ... Hence, irrespective of what reasons the Moving party here might have which, if proven, could establish "cause" for relief from the stay, the state of the present record leaves no recourse but to deny its Motion.

67 B.R. at 837. *See also, In re Kim*, 71 B.R. 1011, 1015 (Bankr.C.D.Cal.1987) (holding that "[a] creditor cannot obtain relief from stay with no evidence whatever, and with only unsupported allegations.... A debtor need not offer evidence of adequate protection unless the creditor has established a prima facie case.")

 Like the secured creditor in the *Stranahan Gear* case, the movant in the present case, Firemen's Fund, has failed to establish a *prima facie* case of cause, specifically, lack of adequate protection under § 362(d)(1). As noted above, Firemen's Fund offered absolutely no evidence to establish that its interest in debtors' property lacked adequate protection: Firemen's Fund did not produce evidence to show lack of equity, depreciating collateral, non-payment of taxes, failure to maintain insurance on the property, failure to keep the property in a good state of repair, or any other facts tending to evidence a lack of adequate protection.[6] Having failed to establish a *prima facie* case of cause, Firemen's Fund is clearly not entitled to relief from stay, in the case at bar). Based upon the foregoing, Firemen's Fund's motion for relief from stay shall be, and the same is hereby, DENIED without prejudice.[7]

IT IS SO ORDERED.

**6.** As discussed above in footnote 3, *supra*, cause for relief from stay under § 362(d)(1) may be established upon a showing that post-confirmation payments have not been made without the further necessity of litigating the issue of the presence or absence of equity in the secured property. However, if the secured creditor is to satisfy its burden of establishing a *prima facie* case of cause for relief from stay, it must *present evidence* establishing a post-confirmation default as opposed to merely asserting that such a default has occurred. Evidence of a post-confirmation default could consist of testimony from an agent or employee of the secured creditor who is familiar with the circumstances of default; the production of properly authenticated documentary proof of default; or such other admissable evidence establishing that the debtor has failed to make post-confirmation payments pursuant to the terms of a confirmed plan.

**7.** The Court notes that Firemen's Fund's relief from stay motion may also be denied upon procedural grounds. Specifically, Firemen's Fund's motion was not accompanied by a supporting memorandum as required by Local Rule. LBR 5.4(a) states:

All motions and applications tendered for filing shall be accompanied by a memorandum in support and, except in the case of (1) an ex parte motion or application, or (2) a motion or application, notice of which is issued to all parties in interest, the certificate of service in accordance with LBR 5.0(d).

Although LBR 5.4(a) was not effective as of the filing date of Firemen's Fund's motion, United States District Court, Southern District of Ohio Local R. 4.0.1, which was effective at the time movant's pleading was filed, imposes the identical requirement.