## In re Anthony K. GWYNN and Alicia L. Gwynn, Debtors.

## PEOPLE'S BANK, a California corporation, Movant,

v.

## Anthony K. GWYNN and Alicia L. Gwynn; Steven A. Berkowitz, Trustee, Respondents.

### Bankruptcy No. 87–3735–LM7; R.S. No. 2285.

United States Bankruptcy Court, S.D. California.

Feb. 1, 1988.

Richard A. Solomon, Saxon, Alt, Dean, Mason, Brewer & Kincannon, La Jolla, Cal., for movant.

James J. Biggins, Jr., San Diego, Cal., Robert F. Teaff, Thomas and Teaff, La Jolla, Cal., for debtors.

Steven A. Berkowitz, San Diego, Cal., Trustee.

David L. Buchbinder, Fitzmaurice & Buchbinder, San Diego, Cal., for Trustee.

## MEMORANDUM DECISION

### LOUISE DeCARL MALUGEN, Bankruptcy Judge.

First International Bank, formerly known as People's Bank, (hereinafter "People's Bank"), has moved for relief from stay to permit foreclosure of their lien on the debtor's San Diego National League Baseball Club contract. Anthony Gwynn, the debtor, is a highly-regarded right fielder for the San Diego Padres. Gwynn contends that the alleged security interest in the wages he will receive from the contract is void as an assignment of wages which fails to comply with California Labor Code § 300.

Since it is the burden of this creditor to establish its entitlement to request relief under § 362(d), the question of whether People's Bank has a valid security interest may be dispositive of this motion. *In re Wolsky*, 53 B.R. 751, 757 (Bankr.D.N.D. 1985); *In re Kim*, 71 B.R. 1011, 1016 (Bankr.C.D.Cal.1987).

### SUMMARY OF FACTS

On or about November 29, 1984, Anthony Gwynn apparently signed a Continuing Guaranty, General Security Agreement and UCC–1 Financing Statement for what he believed was his guarantee of a $75,000 loan to Lewis C. Muller, his former agent and business manager.[1] People's Bank claims that Gwynn owes not only the $75,000 loan which Muller failed to pay, but also the balance due under a $41,000 loan to Muller which Gwynn says was never disclosed to him. In total, People's Bank claims Gwynn owes them $98,934.89 plus accrued interest.

People's Bank is seeking relief from the automatic stay to foreclose upon Gwynn's baseball contract signed in November 1984,

which is a five-year contract providing a salary of $3,300,000. It is uncontroverted that Alicia Gwynn, Anthony Gwynn's spouse since 1981, did not sign the continuing guaranty or financing statement.

### ISSUE

Is the People's Bank security agreement an "assignment of wages" within the meaning of California Labor Code § 300?

### DISCUSSION

People's Bank's General Security Agreement contains the following language:

The undersigned (herein called "Undersigned") hereby pursuant to the California Uniform Commercial Code and subject to the provisions herein contained, grants to PEOPLE'S BANK (herein called "Bank") a security interest in all collateral, including after-acquired collateral described in paragraph 3 herein, to secure payment of the indebtedness described in paragraph 2 herein to Bank....

Bank contends that this language does not constitute an assignment because the Bank's interest is not absolute but is enforceable only upon default. People's Bank cites *In re Evergreen Valley Resort, Inc.*, 23 B.R. 659 (Bankr.D.Me.1982) as support for this distinction. Although the *Evergreen* opinion lays out "factors" which may be used to assist the court in determining whether an agreement is a security interest or an assignment, the case also supports Gwynn's contention that a security interest may be an assignment and that the concepts are not mutually exclusive.

Labor Code § 300 provides as follows:
No assignment of, or order for wages or salary, earned or to be earned, shall be valid unless:

(a) Separate written instrument. Such assignment is contained in a separate written instrument, signed by the person by whom the said wages or salary have been earned or are to be earned,

---

1. Gwynn's declaration in opposition denies any recollection of having signed the General Security Agreement and UCC–1 Financing Statement.

Resolution of this question is not required for purposes of this ruling.

and identifying specifically the transaction to which the assignment relates; and

(b) Signature of spouse. Where such assignment of, or order for wages or salary is made by a married person, the written consent of the husband or wife of the person making such assignment or order is attached to such assignment or order; ....

In construing a predecessor statute to Labor Code § 300, the California Court of Appeals in the case of *Lande v. Jurisich,* 59 Cal.App.2d 613, 139 P.2d 657 (1943), was met with almost the identical argument advanced here by People's Bank. Namely, the creditor in the *Lande* case argued that since its agreement created a lien upon the debtor's wages only enforceable upon default rather than was an assignment of the wages, the Labor Code prohibition should not be applied to invalidate it. The Court of Appeals stated:

While it is doubtless true that, in strict legal parlance, the mere imposing of a lien on wages to be earned in the future is not an assignment of them [citations omitted], we see little difference in the incidence of the two on the future condition of the worker and his family.... At 617.

The Court went on to state:

While the agreement is not technically an assignment, it does, if valid, pass to defendant an interest in plaintiff's future wages which defendant did not have before and in a sense may be regarded as having transferred or "assigned" that interest to him. At 619, 139 P.2d 657.

Throughout the *Lande* decision, the court discussed the remedial nature of the Labor Code section and cited substantial body of case law supporting the proposition that a remedial statute should be liberally construed to effectuate its object and purpose. The *Lande* case is still valid California law.

Further support to Gwynn's position is derived from California Commercial Code § 9104(d), which states that Division 9 (governing perfection of security interests) does not apply "To a transfer of a claim for wages, salary or other compensation of an employee...." The Uniform Commercial Code comment to this section states:

In many states assignments of wage claims and the like are regulated by statute. Such assignments present important social problems whose solution should be a matter of local regulation. Paragraph (d) therefore excludes them from this Article.

The fact that the California Commercial Code expressly excludes transactions involving wages from its coverage seriously undercuts People's Bank's argument that their interest is a security interest governed by the Commercial Code rather than an assignment governed by the Labor Code.

Therefore, this Court finds that the lien claimed by People's Bank upon the wages of Anthony K. Gwynn is void for violation of California Labor Code § 300(b), which requires a spouse to consent to an assignment of the other spouse's wages. Accordingly, People's Bank has no entitlement to press for relief from stay, as it is merely a creditor holding a void claim against the debtor's baseball contract.

Counsel for debtor is directed to prepare an order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.