978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
MINN-KOTA FARM AGENCY, INC., Appellant,
v.
HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.
 No. 92-1825.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 3, 1992.
Filed: November 11, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Minn-Kota Farm Agency, Inc. (Minn-Kota), a Chapter 11 debtor, appeals the district court's[1] affirmance of the bankruptcy court's[2] order granting relief from the automatic stay under 11 U.S.C. § 362(d)(1) to Home Federal Savings and Loan Association (Home Federal), a creditor secured by a note and mortgage on Minn-Kota's sole asset, an apartment building. We affirm.
 
 
 2
 Following a hearing and several offers of adequate protection by Minn-Kota, the bankruptcy court summarily granted Home Federal's motion for relief from the automatic stay. On appeal, the district court remanded the matter, concluding that the bankruptcy court had failed to make adequate findings. The bankruptcy court then made specific findings and again granted Home Federal relief from the stay. The district court affirmed.
 
 
 3
 A determination under section 362(d)(1) of whether a creditor's interest in property is adequately protected involves findings of fact which we reverse only if they are clearly erroneous. In re Briggs Transp. Co., 780 F.2d 1339, 1341-42 (8th Cir. 1985). The party seeking relief from the automatic stay is required to establish a prima facie case of cause for relief. In re Planned Systems, Inc., 78 B.R. 852, 859-60 (Bankr. S.D. Ohio 1987). See also First Nat'l Bank v. Turley, 705 F.2d 1024, 1026 (8th Cir. 1983) (to obtain relief from stay, creditor must show its interest is sufficiently clear and in need of protection). A prima facie case may be established by showing the debtor lacks equity in the property, the value of the property is declining, the property is not adequately maintained, property taxes are not being paid, insurance coverage is inadequate, or other facts evidencing a lack of adequate protection. In re Briggs Transp. Co., 780 F.2d at 1349; In re Planned Systems, Inc., 78 B.R. at 860; In re Brown, 78 B.R. 499, 503 (Bankr. S.D. Ohio 1987). If the creditor establishes a prima facie case, the burden shifts to the debtor to prove adequate protection. 11 U.S.C. § 362(g); In re Planned Systems, Inc., 78 B.R. at 859-60. Title 11 U.S.C. § 361 provides that adequate protection may be provided by cash payments, an additional or replacement lien, or other relief giving the creditor the "indubitable equivalent" of its interest.
 
 
 4
 Although there was no evidence submitted to the bankruptcy court indicating that the apartment building had declined in value since it was appraised in 1989 or that it was not properly maintained, there was evidence that Minn-Kota lacked equity in the building, had not paid taxes, and had not obtained insurance. Robert DeVaan, President of Minn-Kota, conceded at the bankruptcy hearing that the building was not worth as much as Minn-Kota owed on the note and mortgage. Minn-Kota offered to provide Home Federal with proof of insurance coverage, but there was no indication that it ever obtained the insurance. Also, DeVaan and Home Federal's loan counselor testified that the amount Minn-Kota owed to Home Federal included amounts Home Federal had paid for taxes and insurance. We conclude the bankruptcy court did not clearly err in determining Home Federal met its initial burden of proving that it was not adequately protected.
 
 
 5
 We also conclude the bankruptcy court did not clearly err in determining that Minn-Kota failed to offer adequate protection. As the bankruptcy court found, Minn-Kota failed to submit evidence indicating that it could make the cash payments it offered, that it had the authority to grant a lien on the escrow account or DeVaan's personal property, and that it presently had insurance on the property. Because Minn-Kota had the burden of proof in regard to these issues, Home Federal was not obligated to specifically challenge Minn-Kota's ability to make the cash payments, grant the liens, or obtain insurance. The bankruptcy court did not err in failing to hold a supplemental hearing following remand. The district court ordered the bankruptcy court to make certain findings on remand, but did not order a further hearing.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald J. Porter, Senior United States District Judge for the District of South Dakota
 
 
 [2]
 The Honorable Irvin N. Hoyt, Chief United States Bankruptcy Judge for the District of South Dakota